DANIEL ROHRER, Plaintiff in Error, *vs.* ORLANDO B. TURRILL, Assignee, etc., Defendant in Error.

ERROR TO DISTRICT COURT OF RAMSEY COUNTY.

An action against the maker of a promissory note can only be sustained by the real party in interest, and although the maker admits that he owes the demand to some one, he has a perfect right to insist that no one but the true owner shall recover a judgment against him therefor. When two Plaintiffs claim the same demand in different suits, the Defendant may compel them to interplead under *Sec.* 35, *page* 629, *Stat. of Minn.*

A payment of a debt by the debtor of an assignor, to his assignee, is good, because the assignor cannot question it, no matter how much fraud may have entered into the assignment; and therefore the debtor cannot make the question of fraud in the assignment, with a view to attack its validity, as a defense to an action upon the debt in favor of the assignee.

An allegation in a pleading, that an officer "levied" upon certain property, is good, without setting out the particular acts of the officer in making the levy.

If an officer levies upon notes and takes them into his possession, under process valid on its face, he can maintain an action on them under the Statute, and a payment to him by the debtor would be valid, and a recovery by him would be a bar to a second recovery by any one else.

Points and authorities of Plaintiff in Error :

*First.*—The answer of the Defendant below stated facts sufficient to constitute a good defence to the action; and therefore the rendition of judgment upon the pleadings, was erroneous.

*Second.*—The answer stated facts showing that the note described in the complaint came into the hands of Turrell under a fraudulent assignment, and that the note was afterwards *seized*, and is held by the United States Marshall by virtue of a levy thereon. *Rev. Stat.* 551 *and* 552, *Sec.* 148, 150 *and* 151.

*Third.*—Said note, and the indebtedness thereby evidenced, was subject to attachment or garnishment in the hands of the fraudulent assignee, and therefore subject to levy; and being so levied upon, the said Plaintiff below ceased to have any interest therein; and is not the party in interest, so as to authorize him to sue in his own name. *Stat. p.* 552, *Sec.* 142 *and* 143.

*Fourth.*—The judgment of the District Court upon the mo-

tion for judgment upon the pleadings, should have been in favor of Plaintiff in error, and not for Turrel.

Points and authorities of Defendant in Error:

*First.*—The allegations of fraud in the assignment are immaterial, as Defendant was not a creditor, and consequently was not entitled to raise the question of fraud.

*Second.*—But Plaintiff in error claims that the matters of fraud are alleged merely as matter of inducement to show the right of the attaching creditors of Caldwell & Co., to levy on the note, and the right of the United States Marshal to levy on the note and hold it. To this we answer:—

That there is no sufficient allegation in the answer to show a levy by the Marshal.

The old Supreme Court held that a Sheriff's return setting forth that he had "levied" etc., was insufficient. That he was bound to return the facts constituting the levy and not his conclusion of law as to the effect of the facts. *Castner et al. vs. Symonds*, 1 *Minn.* 427. At least as much should be required in pleading. The pleader should state the facts—not his conclusions thereon.

This holds more especially as to choses in action. At common law they were not subject to execution. Our Statute making them so subject is in derogation of the common law, and should be strictly construed.

The Statute defines the manner of levying on a debt by giving notice to the debtor. *Compiled Statutes, p. 55, Sec.* 140. Here then is no allegation that this has been done, and consequently there is no allegation of a levy.

The levy is not made on the note. That, as appears by the pleadings, was long overdue, and was merely evidence of the debt. The mere taking possession of the note could not transfer the debt. Suppose, after taking possession of the note by the Marshal, the Plaintiff in error had, in good faith, paid the note to the Defendant in error, could the Marshal have complained? Clearly not; and if not, then without notice to the Plaintiff in error, he could not have made a levy, and as no such notice is alleged, the answer is no defence, and the judgment should be affirmed.

SMITH & GILMAN, Counsel for Plaintiff in Error.

ALLIS & PECKHAM, Counsel for Defendant in Error.

*By the Court.*—FLANDRAU, J.   The Plaintiff as assignee of a banking firm, sued the Defendant on an ordinary promissory note, which came into the hands of the Plaintiff as part of the assets of the concern.   The Defendant, for answer, sets out, first, that the assignment under which the Plaintiff holds the note was fraudulent, and intended to prefer by collusion, certain creditors, etc.   Second; that said preferred creditors colluded with the Plaintiff and recovered several large judgments in the District Court of the United States, exceeding in amount the sum of the assets of Caldwell & Co., and issued executions thereon, under which, with the knowledge and consent of the Plaintiff, the United States Marshal levied upon and attached the said assets, including the said note in the complaint named, and that under such levy, the Marshal holds the note.   The Plaintiff replied, but subsequently moved for judgment upon the pleadings, which motion was granted.   The case consequently comes to us as upon demurrer to the answer.

In the first place, the action can only be sustained by the real party in interest, and although the Defendant admits that he owes the demand to some one, he has a perfect right to insist that no one but the true owner of it shall recover a judgment against him; this is absolutely necessary for the protection of the Defendant from further suit against him by the real owner of the demand, because a plea of former recovery by any one but the true owner, is no bar to a suit by the true owner.

We will now examine the relation that the Plaintiff sustains to the note, taking the answer to be all true.   If the Defendant, *a debtor*, of the estate, can make the point that the assignment is void for fraud, then that part of the answer would take away the title to the note from the assignee and restore it to the original holders, Caldwell & Co., or more correctly speaking, would leave the title of the note in them, the fraudulent assignment not having the effect of passing it from them. This condition of things would be a defence to the suit by the

assignee, as it would leave him without any interest in the subject matter. We think, however, that so long as the assignment is not molested by creditors, debtors have very little to say about it. It is always good between the assignor and assignee, no matter how much fraud may have entered into it. *LeMay vs. Bibeau*, 2 *Minn.* 29. So a payment to the assignee by a debtor of the assignor, is always a good payment, because the assignor cannot question it. The debtor, therefore, cannot make the question of fraud in the assignment, with a view to attack its validity; but the matter of this nature in the answer, may, perhaps, be pertinent, if considered as matter of inducement, pleaded for the purpose of showing why the Marshal made the levy, which is subsequently pleaded.

We will now enquire what effect the balance of the answer has upon the interest of the Plaintiff in this note. It charges that the preferred creditors, with the collusion of Caldwell & Co., and the assignee, recovered judgments in the District Court of the United States, and that the Marshal, under and by virtue of executions, issued upon such judgments, " levied," among other things, upon the note in question. The Plaintiff objects to the sufficiency of the answer in this respect, in not seting out the particular acts performed by the Marshal in making the levy, in order that the court could decide whether, in law, he made a levy or not, and insists that under our Statute the mere allegation that a levy was made, is a conclusion and not a fact, and bad.

This is not a new question in this court, but has been expressly decided in the case of *Tullis vs. Brawley*, 3 *Minn.* 277. The court, in this case, at page 285, use these words, " Nor do we, under our statute, consider it necessary that the Sheriff should, in his return, state the particular or several acts done by him in making his levy. It is sufficient if he certifies in general terms that he " levied," and from this all the necessary proceedings will be implied." The allegation is equally as good in a pleading. The counsel for the Plaintiff cites the case of *Symonds vs. Castner et al*, 1 *Minn.* 427, but the reason why this case is not an authority upon this point is given by this court in the opinion of the Chief Justice in the case of *Tullis vs. Brawley*, above cited.

We do not see how the Defendant in this case can set up fraud in the judgments and levy by the Marshal under them, any more than he could plead fraud to the assignment, nor do we see what possible object he could have had in view in so doing; it is no concern of his how much fraud these people indulge in; the only question that he has any interest in is whether the party who makes a demand upon him for payment is properly authorized so to do. Now if we should permit the Defendant to make the point that he seeks so strenuously to do, that the judgments and the levy under them are all fraudlent and void, the result would be that his defence in this respect would fail by his own showing, and the property in the note would remain in the Plaintiff, who could maintain the action upon it; but the Defendant does not occupy a position that will entitle him to make any such question. If the Marshal has process in his hands, valid upon its face, and levies upon notes and takes them into his possession, he can maintain an action on them under our Statute, and collect them, *Comp. Stats.* 552, *Sec.* 151, consequently a payment to him by the debtor would be a valid discharge of the debt, and a recovery by him upon the note would be an effectual bar to a second recovery thereon by any one else. *See Caldwell vs. Sibley,* 3 *Minn.* 411, 412. If the Marshal had acquired the right of action, the Plaintiff had lost it, because two persons cannot at the same time have the right to sue and recover upon such a cause of action. The Defendant has stated enough in his answer to show that the cause of action upon the note has passed out of the Plaintiff and that is a good defence. Suppose the Marshal had also sued the Defendant for the same demand, he could have, had he been so disposed, defended this action, and suffered judgment to pass against him in favor of the Marshal, or he could have made the two Plaintiffs interplead under *Section* 35, *page* 659, *of the Compiled Statutes,* and decided among themselves who had the right to receive the money on the note.

The answer is good. Judgment reversed, and the case remanded for such proceedings as the court below may deem proper to allow.