Battle J.
 

 The judgment rendered by his Honor in the court below upon the case agreed is undoubtedly correct. The argument of the defendant’s counsel to the contrary is based upon the fallacious idea that the intestate of the defendant was bound as the surety of the county of Rocking-ham, in the ordinary sense in which the word surety is used in connection with a principal. But in legal effect he was not a surety, but a guarantor. A guaranty is defined to be “a promise to answer for the payment of some debt, or the performance of some duty, in case of the failure of another person, who is himself liable in the first instance to such payment or performance.”
 
 Carpenter
 
 v.
 
 Wall,
 
 4 Dev. & Bat. 144; Fell on Guar.; 1 Smith Mer. Law, 277. The present case comes directly within that definition. The county of Rockingham became bound to pay the plaintiff, as soon as its bond was delivered to him, the sum of three thousand dollars, and the defendant’s intestate promised in consideration of the transaction¿between him and the plaintiff, to pay the debt in case of the failure of the obligor to do so.
 

 The transaction between the parties to the guaranty required a consideration for its support. Here there was a consideration, which was the discharge of debts due from the intestate to the plaintiff, which were admitted to have been
 
 *433
 
 of the value in specie of three thousand dollars. To such a claim it is manifest from its express words that the act of 1866, ch. 38, entitled “an act relating to debts contracted during the late war,” did not intend to apply the scale of depreciation - provided for in ch. 39 of the laws passed at the same session.
 

 In opposition to this view of the case, it was urged by the defendant’s counsel that the intestate signed the county bond professedly as surety, and not as guarantor, and that, therefore, he cannot be bound as guarantor. The case of
 
 Green
 
 v.
 
 Thornton,
 
 4 Jon., 230, is directly in point against this objection. In that case the defendant, whose'name was signed to aninstrument purporting tobe an indenture between the plaintiff and another person, was held to be a guarantor, though the word “security” was added to his name. It is true that the plaintiff failed to recover against him, because he could not prove any consideration for the contract of guaranty; but, in the present case an ample consideration was proved, and the plaintiff is not prohibited by the act of 1866, above referred to, from recovering to the extent of it. The judgment is affirmed. '
 

 Per Curiam. Judgment affirmed.