HENRY D. ROBESON, Adm'r. &c. *v.* SAMUEL BROWN and ANOTHER.

The Constitution of the United States does not forbid a State from altering the rule of evidence which heretofore excluded parol evidence offered to contradict or vary the terms of a written contract.

The rule for applying the *Scale*, under the ordinance of Oct. 18th 1865, and the acts of 1866, cc. 38 and 39, is:

1. Money contracts are presumed to be solvable in Confederate money, and the value thereof must be estimated by the jury *in coin*, according to the legislative scale, and then the depreciation of United States Treasury notes must be added to the amount as estimated in coin:

This division applies only to contracts where Confederate money was the consideration.

2. In all other cases of contracts, the value of the property, or other consideration, may be shown in evidence, and the jury must estimate such value in U. S. Treasury notes.

(*Woodfin* v. *Sluder*, Phil. 200, cited and approved.)

DEBT, tried before *Jones, J.*, at Spring Term 1869 of the Superior Court of MARTIN.

The plaintiff declared on a bond for $250,00, dated 22d Dec. 1862; and on the trial offered to prove that it was given for a mule, worth $250,00.

His Honor excluded the testimony, upon the ground that the parties had themselves fixed the value, by the bond; and

he instructed the jury that they must apply the *scale* prescribed by the Legislature, and give the plaintiff the value of the contract by that rule.

The plaintiff then asked his Honor to instruct the jury further, that after ascertaining the value *in gold* according to the rule laid down, they should add to that sum the present depreciation of national currency, which he offered to show was 33 per cent. This also his Honor declined to do.

Verdict and Judgment, for $102,40 and $33,38 damages, &c. The plaintiff thereupon appealed.

*Stubbs* and *Battle & Sons*, for the appellant.

No counsel *contra.*

Dick, J. The principle is well settled that parol evidence is inadmissible to contradict or vary the terms of a written contract. But this is only a rule of evidence, and may at any time be changed by the Legislature without impairing the contract. The Convention and Legislature have seen proper to change this rule of evidence in regard to certain classes of contracts, and in so doing they did not come in conflict with the Constitution of the United States, *Woodfin* v. *Sluder,* Phil. 200.

We have carefully considered the ordinance of Oct. 18th 1865, and the acts of 1866, ch. 38 and 39, and think that they establish the following rules as to the contracts to which they apply:

1. Money contracts are presumed to be solvable in Confederate money, and the value thereof must be estimated by the jury *in coin*, according to the legislative scale, and then the depreciation of United States Treasury Notes must be added to such nominal amount of coin. The Legislative scale only applies to contracts where Confederate money was the consideration.

2. In all other kinds of contracts the value of the property or other consideration may be shown in evidence, and the jury must estimate such value in United States Treasury Notes.

His Honor in the Court below erred in his construction of the ordinance and acts referred to, and the judgment must be reversed, and a *venire de novo* awarded.

Let this be certified &c.

PER CURIAM.                                              *Venire de novo.*