JOSEPH S. SOWERS *v.* R. T. EARNHART.

A bond was given for $1,000, dated Nov. 18th 1862, and payable "one day after date," the consideration being a tract of land :

*Held,* to be competent for the plaintiff to rebut the *presumption* as to the currency in which it was solvable under the ordinance of 1866, by proving that it was expressly agreed by the parties at the time, that it was to be paid "in good money after the war," as such expression referred to the currency in which, and not to the time at which it was payable, and was equivalent to, " in money good after the war."

(*Robeson* v. *Brown,* 63 N. C. 554 ; *Garrett* v. *Smith, ante.* 93, cited and approved.)

ACTION for money, tried before *Cloud, J.,* at Fall Term 1869, of DAVIDSON Court.

The plaintiff declared upon and offered in evidence a bond executed by the defendant, of which the following is a copy :

" $1000  00

One day after date we or either of us do promise to pay Joseph S. Sowers one thousand dollars, for value received, this November 18th 1862."

He also introduced evidence that it was given in payment of the price of a tract of land which was worth the amount, in the present paper currency of the United States ; also that at the time when it was executed, it was expressly agreed between the parties, that it was to be paid in good money after the war.

The defendant objected to the latter evidence, but it was

SOWERS v. EARNHART.

admitted.  He therefore offered evidence to rebut it, and also to show that the land was not worth so much.

His Honor instructed the jury :

1. That if they should believe that the agreement as to the currency in which the bond was to be paid, was as shown by the evidence for the plaintiff, they should find a verdict for the full amount of the note, and that it made no difference that such agreement was not inserted in the bond :

2. That if they believed that the land was worth the amount agreed to be paid by the bond, they would, even if there were no agreement as above, find to the same effect.

Verdict for the full amount.  Judgment accordingly, and Appeal by the defendant.

*W. M. Robbins* for the appellant.
*T. J. Wilson and Clement*, contra.

DICK, J.  By presumption of law, this note was solvable in Confederate money :  *Robeson* v. *Brown*, 63 N. C. 554. By way of rebutting this presumption, the plaintiff offered evidence to show that there was an express agreement between the parties at the time of the execution of said note, that it was to be paid "in good money after the war." There was opposing evidence introduced by the defendant, and this question of fact was fairly submitted by His Honor to the jury, and they gave a verdict for the plaintiff, for the amount specified in the note :  See *Garrett* v. *Smith*, at this term.

The defendant's counsel insisted in this Court, that the evidence of the collateral contract offered by the plaintiff tended to vary the terms of the written contract as to the time of payment, and for that reason was inadmissible. This construction of the words proved cannot be adopted, as it contradicts the express agreement set forth in the note to pay " one day after date," and takes it out of the operation of the remedial statutes referred to in the cases above cited.

7

The fair and reasonable construction of the collateral contract is to make the words, "good money after the war," refer to the kind of money in which the note was to be solvable, and not to the time at which the note was payable.

This construction does not vary the written contract, but explains it in the manner provided for by said remedial statutes.

We think that where words taken in one sense will materially change the contract, and defeat the object of a remedial statute, while they are susceptible of another construction which will give substantial effect to the agreement of the parties, and to a beneficial statute, the latter construction ought to be preferred.

The ruling of His Honor upon the second point in the case was also correct; but it was immaterial, if the evidence satisfied the jury that the parties, by a collateral parol agreement, intended that the note should be solvable in *money, good after the war.*

There is no error.    Let this be certified.

PER CURIAM.                              Order reversed.