ISRAEL CABLE *vs.* PETER R. HARDIN.

Where a note was given in 1862, for the loan of Confederate money, and afterwards, in 1864, the obligor tendered the amount due in Confederate currency, a portion of which was received, and a new note given for the remainder ; *it was held,* that the old debt must be regarded as paid, and the transaction a new loan and the scale applied as of that date.

When the pleadings state the same material facts, and no issue can be joined, it is proper for the Court to withdraw the case from the jury, and determine it as a question of law.

[*Robeson* v. *Brown,* 63 N. C. 354; *State* v. *Cordon,* 8 Ired. 179, cited and approved.]

CIVIL ACTION, tried before *Tourgee, J.,* at Spring Term, 1872, of ALAMANCE Superior Court.

The action was brought for the recovery of money due on a bond dated August 25th, 1864. Upon the trial the plaintiff offered to show the consideration of the bond. His Honor refused to allow the evidence, holding that when the pleadings

CABLE *v.* HARDIN.

make no issue of fact it was a question of law for the Court to decide. A juror was therefore withdrawn, and the Court adjudged that the plaintiff have judgment for the amount of the bond sued on according to the scale of Confederate money at the date of the bond, less the set-off admitted by plaintiff. From this ruling and judgment plaintiff appealed. The facts set forth in the pleadings are stated in the opinion of the Court.

*Parker,* for plaintiff.
*Dillard & Gilmer,* for defendant.

RODMAN, J. 1. We think the Judge was right in taking this case from the jury and holding it a question of law for his decision. The parties by their pleadings stated the same material facts, and there was and could be no issue of fact joined between them.

2. From the pleadings the case is this: In November, 1862, the defendant borrowed of plaintiff $1,100 in Confederate money, and gave him a bond for that sum with a surety, the plaintiff agreeing to receive payment in Confederate money. When this bond was payable is not stated, but it is not material. On 25th August, 1864, defendant tendered payment to plaintiff in Confederate money, when plaintiff desired defendant to keep it, and agreed to accept payment of the excess over $1,000, to take the note of the defendant for that sum without surety, and to surrender the original note, all of which was done, and the note for $1,000, then given, is the one now sued on. The first bond was surrendered to the defendant.

The defendant also sets up in his answer certain small set-offs, which we are told by counsel were admitted.

The only question which we are called on to decide is, whether the plaintiff is entitled to recover according to the scale applicable to November, 1862, or to August, 1864.

By the act of 1866, and subsequent acts *in pari materia,* as

they have been construed by this Court, certain general rules have been established, which as far as they touch the present case, are as follows:

1. Where the note complained on was given on a loan of Confederate money, the scale is applied at the date of the note.

2. When it was given on a purchase of property, the recovery will be for the value of the property at the time. *Robeson* v. *Brown*, 63 N. C., 554.

Now, was the consideration of the note of 1864, a loan of Confederate money, or a purchase of property? If the former, the scale for that date must be applied by the statutes; if the latter, the plaintiff will recover the value of the property purchased of him by the defendant, which was $1,000 reduced according to the scale for 1862.

We think it was substantially a loan of Confederate money. If the plaintiff had transferred the note of a stranger in consideration of defendants note, it would have been a sale. But the note transferred, or rather surrendered, was that of the defendant, and it was necessarily destroyed by the act of transfer. By a sale something passes from the vendor to the vendee; and we cannot conceive of a sale in which the thing transferred is destroyed by the very act of transfer.

Here nothing passed; a right of action was extinguished. The transaction resembles what the civil lawyers call a novation, which is defined by Pothier (1 *Pothier Oblig.* 566) as the substitution of a new debt for an old. The old debt is extinguished by the new one contracted in its stead. And he says (p. 563,) "the effect of a novation is, that the former debt is extinguished in the same manner as it would be by a real payment." And all hypothecations and securities to the old debt are extinguished with it, unless expressly reserved, which it seems may be done. The novation of the civil law corresponds in its effect on the old debt most closely with what the common law calls an accord and satisfaction. It is settled by numerous authorities that if a debtor pays a part of the debt

and gives a new note for the residue, which is accepted in satisfaction, the old debt is extinguished as it would be by a payment. *State* v. *Cordon*, 8 Ire. 179, Story's Prom. Notes, 404, 408; *Cornwell* v. *Gould*, 4 Pick. 144; *Hare* v. *Alexander*, 2 Metc. 157; *Gabriel* v. *Draper*, 80 E. C. L. R.

The transaction in this case must be regarded as if the defendant had paid the old debt, and then borrowed $1,000 out of the sum paid.

PER CURIAM.                          Judgment affirmed.