THOMAS A. JAMES A,dm'r, &c., v. J.·F. LONG and another.

In a suit upon the following guaranty, to wit: " We, the undersigned, have this day sold to T. A. J., administrator, &c., the notes listed above; and we bind ourselves for any and all of the abovenamed notes should the said T. A. J. fail to collect the same: *Held*, that the guarantors were bound for the face value of the notes, principal and interest, though the same might, between the maker and payee, be subject to the legislative scale.

(*Carter* v. *McGehee*, Phil. Rep. 431, cited and approved.)

CIVIL ACTION, tried at Fall Term, 1872, of IREDELL Superior Court, before *Mitchell, J.*

The suit was brought on a guaranty given by defendants for the payment of certain notes, principal and interest, described in a list, underneath which the guaranty, in the following words, was written and signed by defendants :

" We, the undersigned, have this day sold to Thomas James, administrator of Martha Potts, deceased, the notes listed above, and we bind ourselves for any or all of the above-named notes should the said James fail to collect the same." (Signed and sealed by the defendants.)

The main question arising on the trial, and the one upon which the judgment of the Court is founded, is the proper construction of the above guaranty. The other questions, with the evidence thereto relating, not being pertinent to this one point decided, may be omitted.

There was a verdict for the plaintiff. Motion for a new trial. Motion refused. Judgment and appeal by defendants.

*W. P. Caldwell,* for appellants.
*Bailey,* contra.

READE, J. A list of notes is made out with the amount of each note run out, and interest calculated upon each, and run out also, and then the whole amount, principal and in-

terest, added up and set down at $4,496.69. And then at the foot is the following :

" We, the undersigned, have this day sold to Thomas A. James, administrator, &c., the notes listed above; and we bind ourselves for any and all of the above-named notes should the said James fail to collect the same."

Some of the notes were dated before the war and some after the war, and of course were not subject to be scaled ; others were dated during the war, and were subject to the legislative scale; and the question is, whether the guaranty is for the face value or only for the real value of such of the notes as are subject to the scale ?

We are of the opinion that the guaranty is for the face value of the notes, the amount run out and the interest calculated, and the addition made. Ordinarily an endorser, or a guarantor, is liable for the face value of a note indorsed or guaranteed ; and that principle governs our case, nothing more appearing. If there is anything to take this case out of the general rule, it is for the defendant to show it. What he relies upon is, that the makers of the note were entitled to the scale, and that the guaranty is, that the defendants will pay what the makers were bound to pay and failed to pay. That was the defense set up in *Carter* v. *McGehee*, Phil. Rep. 431. In that case the defendant had guaranteed a $3,000 bond, which was entitled to be scaled down to $750. And yet the defendant was held liable for the face value, $3,000. It is true, that in that case the guarantor had received $3,000 in value for his guaranty, and if any importance is to be attached to that, so in our case the guarantors received the full amount and more of the face value of the notes guaranteed. But we put our case upon the plain meaning of the guaranty itself—the list of the notes, the amounts stated, interest calculated, and addition made, all being a part of the same instrument, makes it

plain that the guaranty was intended to embrace the full amount so stated.

There is no error.

PER CURIAM.                              Judgment affirmed.