W. T. BRYAN to use of JORDAN RICKS v. W. D. HARRISON and another.

A judgment against the sureties on a promissory note given in 1862, for land, for the full face of the note and interest, nothing else appearing, *is erroneous.* The liability of the sureties is either for the scaled value of the note, at its date, or the value of the land.

(*Sluder* v. *Woodfin*, Phill, 200; *Carter* v. *McGee, Ibid,* 431; *Robeson* v. *Brown,* 63 N. C. Rep. 554; *Terrell* v. *Walker,* 66 N. C. Rep. 256; *Jarman* v. *Sanders,* 67 N. C. Rep. 86; *Bryan* v. *Harrison,* 69 N. C. Rep. 151, cited and approved.)

CIVIL ACTION, to recover the value of a note given by defendants, on the 10th day of September, 1862, tried before his Honor, *Judge Watts,* at Spring Term, 1874, of NASH Superior Court.

The question as to the measure of damages, being the only one decided in this Court, and the opinion of the Court containing all the facts relating to that, no further statement is called for.

On the trial below, the jury returned a verdict for the plaintiff for the full face value of the note and interest. Judgment accordingly. Defendants appealed.

BRYAN to the use of RICKS *v.* HARRISON and another.

*Bunn & Williams, Davis* and *Batchelor*, for appellants.
*Moore & Gatling,* contra.

READE, J.  One Earl was the principal in the bond sued on, and the defendants were his sureties.  Consider the case as if Earl were the defendant.  What would be his liability?  Ordinarily, the amount of the bond.  But in this case he would have the right to say, that he is not liable for the amount of the bond, because the statute provides, that it is presumed to be solvable in Confederate currency.  And then, nothing more appearing, the legislative scale would be applied at the date of the bond, September, 1862, and judgment would be given for the amount of the value of $1,200, of Confederate money at that time, say $600.  But then the plaintiff would have the right to rebut the presumption that it was solvable in Confederate currency, by showing that the consideration was not Confederate money, but was a tract of land.  And then judgment would be given, not for the amount of the note, nor for the value of Confederate currency, but for the value of the land.

But the principal debtor, Earl, is not the defendant.  The defendants are his sureties.  And the question is, what is their liability?  The argument for the plaintiff sought to establish two propositions: 1. That the principal, Earl, is liable for the face value of the note; and 2. That the defendants are guarantors of his liability and for the same amount, the face value of the note.  We have seen that the first proposition is not true; but that Earl's liability is the value of the land.  And then, if we admit that the second proposition is true, that the sureties liabilities are the same, the plaintiff and defendants are together; for the defendants contend that their liability is the value of the land.

It is evident that the verdict and judgment were for the face value of the note; and that was erroneous.  And for that error there must be a *venire de novo.*  This gives the defendants all they asked for below.  Whether upon another trial either party will insist that the measure of the defendants' liabilities, is the

scaled value of their note at its date, will be as they may be advised. We express no upinion upon that point. *Bryan* v. *Harrison*, 69 N. C. R., 151; *Robeson* v. *Brown*, 63 N. C. R., 554; *Terrell* v. *Walker*, 66 N. C. R., 255; *Sluder* v. *Woodfin*, Phil. R., 200; *Jarmin* v. *Saunders*, 67 N. C. R.; *Carter* v. *McGee*, Phil. R., 431.

There is error.

PER CURIAM.                                    *Venire de novo.*