CHARLOTTE W. NEWSOM v. RUSSELL & WHEELER.

*Assignee of Note--Action by--Practice--Fraud.*

1. It is no defence to an action by the assignee of a note against the maker, to show that the assignment was made with intent to defraud the creditors of the assignor.

2. In such case, if the creditors of the assignor have any rights in the premises, it is their duty to interpose in such action for the purpose of asserting them.

(*Abrams v. Cureton,* 74 N. C. 523, cited, distinguished and approved.)

CIVIL ACTION tried at Spring Term, 1877, of DAVIDSON Superior Court, before *Kerr, J.*

The plaintiff alleged that the defendants executed their promissory notes to Newsom & Co. for $500, and that the same had been assigned to her for value received, and demanded judgment for the amount. The defendants alleged that she was not the *bona fide* assignee, nor was she the real party in interest ; and that the assignment was made to defraud the creditors of Newsom & Co., who upon their own petition were declared bankrupts a few days after the alleged assignment ; and that one Stewart, their assigneee in bankruptcy, was entitled to the beneficial interest in the notes

The issue submitted to the jury was, whether the plaintiff was the real party in interest. The evidence of the plaintiff, who testified in her own behalf was, that the notes belonged to her ; she purchased them from her sons, Newsom & Co., and paid for them in money and land at a fair valuation, and held the same in her own right. The defendants then proposed to show that the transfer was made to plaintiff for the purpose of defrauding the creditors of Newsom & Co. This evidence His Honor ruled out on the ground that it was immaterial as between the parties to this action, and that neither the creditors nor the assignee had made them-

selves parties thereto. The jury rendered a verdict for plaintiff. Judgment. Appeal by defendants.

*Messrs. Battle & Mordecai,* for plaintiff.
*Messrs. Shipp & Bailey,* for defendants.

BYNUM, J. A voluntary assignment of a promissory note without consideration and for the benefit of the assignor has no legal effect except to constitute an agency to collect, and such assignee not being the real party in interest cannot bring a suit on such note in his own name. *Abrams* v. *Cureton,* 74 N. C. 523. The case before us differs essentially from *Abrams* v. *Cureton,* because in this, the assignment is for a valuable consideration and is not for the benefit of the assignors. As between the assignors and the plaintiff, both the legal and equitable title passed ; and the money when collected will be unaffected by any claim or trust in favor of the assignors. They are estopped, and the notes as to them are the absolute property of the plaintiff, whether with or without consideration in fact.

To disprove that the plaintiff was the real party in interest, the defendant alleged and offered to show that the assignment was either without consideration or in fraud of the rights of creditors, having been made only a few days before the assignors had been adjudicated bankrupts. The evidence offered for this purpose was ruled out by the Court as immaterial. This was not error. In an action by the assignee of a note against the maker, it is no defence to show that the assignment was made with the intent to defraud the creditors of the assignor. As the assignor participates in the fraud, he cannot repudiate his transfer, and has parted with all his interest in the note. It is not the duty of the maker of the note to see to the application of the money, and it is even less his duty to fight the battle of the creditors of the bankrupt. What interest is it to him, if he is absolved

from further liability by payment of his debt upon a judgment regularly obtained against him?

If the creditors of the bankrupt had any claim upon these notes which they could vindicate, it was their duty themselves or by the assignee in bankruptcy to interpose in this action. It may be that they have no claim upon these notes, or if they have a claim, that they will never assert it; and thus if the defendants are allowed to show that the assignment was fraudulent as to creditors so as to defeat this action, the result might be that the defendants would altogether escape the payment of a debt they acknowledge to be due and unpaid; for the decision of the question, fraud or no fraud, in this action where neither the creditors nor the assignee of the bankrupt are parties, would not be conclusive or even evidence in an action by the assignee in bankruptcy against the plaintiff in this action for the notes or their value.

We have been able to find but one decision directly in point, and that is *Roher* v. *Turrill*, 4 Minn. 407, where it is expressly held that it is no defence to show that the assignment was made with intent to defraud creditors. Pomeroy on Remedies, § 131.

There is no error.

PER CURIAM.                    Judgment affirmed.