HENRY COBB & W. G. COBB Adm'rs of John Cobb v. MARY GRAY
and others.

*Legislative Scale for Confederate Money—Note in Substitution of
Prior Note.*

A note executed in 1863, for the balance due upon a note executed in
1853, (such new note being given because of a lack of space on the old
note for the entry of a credit) is not subject to the legislative scale
for Confederate money.

(*Cable* v. *Hardin*, 67 N. C. 472; *King* v. *W. & W. R. R. Co.* 91 U. S.
Rep. 1, cited and distinguished.)

CIVIL ACTION, commenced in a Justice's Court and tried
on appeal at Fall Term, 1877, of ALAMANCE Superior Court,
before *Buxton, J.*

A jury trial being waived, His Honor found the facts as
follows:— In 1853, Mary, Margaret and Phœbe Gray gave
their note to the plaintiff's intestate and made several pay-
ments which were credited thereon, and in January, 1863,
they went to him to make another payment of $200, but
there being no space on which to enter the credit, a new
note under seal was executed for the balance due, less the
$200 payment, and signed by said Mary and Margaret, and
the husband of said Phœbe (who was then married) and
made payable to plaintiff's intestate, who received it in sub-
stitution of the old note which was surrendered to the ma-
kers. The new note is now in suit. In August, 1866, the
defendants paid to plaintiff's intestate more than was due
on said note if it was subject to scale as of January, 1863.
but less than was due, if it was not subject to be scaled.
The Court held that although the note was dated in Janu-
ary, 1863, and payable one day after date, yet it was
not payable in Confederate money, nor subject to
the legislative scale upon the facts found, and gave judgment
for the plaintiff, from which the defendants appealed.

*Mr. J. A. Gilmer*, for plaintiff.
*Mr. J. E. Boyd*, for defendants.

FAIRCLOTH, J. (After stating the facts as above.) We agree with His Honor in holding that said note is not liable to the scale. The case of *Cable* v. *Hardin*, 67 N. C. 472, is not in point. There, it was held from the manifest intent of the parties that the transaction was a new loan, and the scale applied. Here, the debtors did not propose or intend to pay the whole debt, but only a part of it; and the new note was not made for the benefit of the creditor, nor upon any idea of a loan of that amount of money, but because there was not room on the old note to enter the credit. Novation is not to be presumed, unless the intention to novate clearly results from the act of the parties. The intention to do so does not appear in this case, but it appears to the contrary; and the transaction in August, 1866, between the same parties shows that they did not intend or understand that the scale was applicable. The over-payment is not alleged to have been made by mistake, &c.

The case of *King* v. *W. & W. R. R. Co.* 91 U. S. Rep. 1, does not apply for the reason that the contract was that payment should be in Confederate currency.

No error.

PER CURIAM.                    Judgment affirmed.