J. W. WILSON v. MONT PATTON and others.

*Judgment—Notice of Lien—Homestead—New Contract—Application of Fund by Sheriff—Marshalling Assets.*

1. The transcript of a judgment, sent from one county to another to be docketed, which sets out the date of its rendition, the names of the parties to the suit, the amount of the debt, and the costs of action, is sufficient to give notice of the lien on defendant's land.

2. A note given since the adoption of the constitution of 1868, in renewal of an "old note", is a new contract, and subject to the homestead right.

3. The rule in equity in reference to marshalling assets, has no reference to a case where the homestead is involved.

4. The manner of applying the fund to the executions of the different claimants, pointed out by ASHE, J., the sheriff being directed to reserve $1,000 in lieu of defendant's homestead, as against the "new debts", but the same to be used, if necessary, in discharge of those privileged against the right of homestead.

(*Cable* v. *Hardin*, 67 N. C., 472 ; *Hyman* v. *Devereux*, 63 N. C. 624, cited and approved.)

APPLICATION of W. R. Young, Sheriff of Buncombe county, for instructions as to how he should apply certain moneys in his hands raised by sale of the lands of the defendant,

Mont Patton, heard at Fall Term, 1882, of BUNCOMBE Superior Court, before *Shepherd, J.*

The facts agreed to by and between the parties interested are as follows : The sheriff at the time of the sale of the defendant's land on the ...... day of August, 1882, had in his hands the following executions :

1. In favor of P. F. Patton, administrator of Anna E Patton *v.* Mont Patton, issued upon a judgment rendered and docketed in the superior court of Buncombe county, at spring term, 1873.

2. In favor of Rankin, Son & Co. *v.* Mont Patton and W. W. McDowell, issued upon a judgment rendered and docketed in the superior court of Buncombe county at spring term, 1874.

3. In favor of A. T. Summey, administrator of John Franks *v.* Mont Patton, issued upon a judgment rendered and docketed in the superior court of Buncombe county, at fall term 1874.

4. In favor of T. C. H. Dukes, administrator, &c., *v.* Mont Patton, issued upon a judgment rendered and docketed in the superior court of Buncombe county at fall term, 1875.

5. In favor of the Bank of Statesville *v.* Mont Patton and W. W. McDowell, issued upon a judgment rendered and docketed originally in Iredell county, and certified to Buncombe county, and docketed in the superior court of that county, on the 15th of December, 1875.

6. In favor of J. W. Wilson *v.* Mont Patton, issued upon a judgment rendered and docketed in the superior court of Buncombe county, on the 3rd day of January, 1876.

7. In favor Thomas J. Lenoir *v.* Mont Patton, issued upon a judgment rendered and docketed in the superior court of Haywood county, and afterwards docketed in the superior court of Buncombe, on the 28th day of May, 1877.

Of these judgments, those in favor of P. F. Patton, administrator, A. T. Summey, administrator, and Thomas J

Lenoir, were recovered upon notes dated prior to the 1st of January, 1868, and those in favor of T. C. H. Dukes and J. W. Wilson, upon notes which were executed in renewal of notes given prior to that date. The other judgments were all recovered upon notes executed subsequently to 1868.

The homestead of Patton was not set apart to him, as some of the debts ante-dated the constitution of 1868. He did not demand that his homestead should be assigned him, nor did he object to the sale of his land. There was no money raised from the defendant McDowell.

But he claims that he is entitled to one thousand dollars out of the proceeds of the sale of his land in lieu of his homestead, inasmuch as there will be one thousand dollars left after satisfying the executions on the judgments recovered upon debts which ante-date the constitution.

The Bank of Statesville and J. W. Wilson resist this claim of the defendant, and insist that the whole of the proceeds of the sale should be applied to the executions in the hands of the sheriff; and J. W. Wilson contends that the execution on his judgment should be satisfied before anything is applied to the execution in favor of the bank, because, he says the judgment in favor of the bank was never docketed in the county of Buncombe. The following entry is to be found upon the judgment docket of the superior court of Buncombe county.

BANK OF STATESVILLE  
 *v.*  
 MONT. PATTON and W. W. McDOWELL.

*Iredell County.*  
In the superior court,  
Transcript of judgment.

At a superior court held for the county of Iredell at the court house in Statesville on the 22nd day of November, 1875, before His Honor D. M. Furches, Judge, judgment was rendered in favor of the Bank of Statesville, the above named plaintiff, against M. Patton and W. W. McDowell,

the defendants, for the sum of seventeen hundred and thirty-six dollars and sixty-four cents, with interest on $1,488.66 from the 22nd day of November till paid, at 8 per cent. per annum, and costs of suits, $12.13.

The above judgment was received and entered in this court this 10th day of December A. D. 1875.

(Signed)                              J. E. REED, Clerk.

In the transcript of this judgment from Iredell, the clerk of that county certified that the foregoing was a true and perfect transcript from the judgment docket in his office.

It was understood at the time of the sale that the defendant, Patton, should have the same right to claim one thousand dollars of the proceeds of the sale of his land, that he would have had to claim a part of the same, of the value of one thousand dollars before the sale was made.

The court adjudged that the defendant was not entitled to any part of the proceeds of the sale in the hands of the sheriff as his homestead, and that the sheriff do apply the said money to the satisfaction of said executions, according to the priority in the time of the docketing the judgments, upon which they issued, in the superior court of Buncombe county, and it was also adjudged that the judgment in favor of the Bank of Statesville was properly docketed.

The defendant appealed from the judgment refusing to allow him one thousand dollars out of the proceeds of the sale in lieu of a homestead. And J. W. Wilson appealed from so much of the judgment as is based upon the ruling that the judgment of the bank was properly docketed.

(Another case—BANK OF STATESVILLE v. J. W. WILSON and others—involving the same matters, is governed by the decision in this.)

*Mr. J. H. Merrimon,*,for plaintiff.

*Messrs. H. B. Carter, J. M. Gudger, Johnstone Jones* and *McLoud & Moore,* for defendants.

ASHE, J.   The transcript of the judgment from Iredell county in favor of the Bank of Statesville, though informal, is, we think, not so much so as to vitiate it.   It contains all the essential requisites of a judgment, the day of its rendition, the names of the parties, plaintiff and defendant, the amount of the debt, and the costs of the action.   No one who reads it can doubt but that a judgment was rendered in the superior court of Iredell county in favor of the Bank of Statesville against Mont. Patton and W. W. McDowell, for the sum mentioned in the transcript.

The main object of the legislature in requiring judgments to be docketed in counties other than that in which the judgment was rendered, is to give notice to the world that the plaintiff had a lien on the defendant's land in that county.   And this judgment, as docketed, gave that notice as effectually as if it had been entered according to the most approved formula.

The next question which presents itself for our consideration is, whether the Wilson and Duke's judgments, which were rendered upon notes executed in renewal of notes which ante-dated the first of January, 1868, were to be considered as old debts, and therefore privileged from the right of homestead claimed by defendant.   Upon this subject there is a diversity of opinion.   In some of the states, the debt, evidenced by a note in renewal of one given previously to the statute giving a homestead, is deemed to be a pre-existing debt.   In Louisiana the contrary is held.   Thompson on Homestead § 311.

The question has not been directly decided in this state, but in the case of *Cable* v. *Hardin,* 67 N. C., 472, it was held that a note, given in renewal of an existing note, is a nova-

tion of the debt, and the old debt is extinguished by the new one contracted in its stead. But there is an apparent conflict between the decision in this case and that in *Hyman v. Devereux*, 63 N. C., 624, where the opinion was delivered by the same learned judge. Though we think the decisions may be reconciled, we deem it unnecessary to attempt it here. For however it may be, and conceding that there was no novation, the new note is a new contract, (Story on Promissory Notes, § 104) and when given since the adoption of the constitution of 1868, and payment is attempted to be enforced by means of a judgment and execution, the defendant has the right to claim his homestead against such a demand.

Our conclusion therefore is that the Wilson and Duke's judgments, founded on notes taken in renewal of pre-existing notes, are new contracts, and subject to the defendant's right of homestead.

The defendant is entitled to his homestead against all the judgments, the executions upon which were in the hands of the sheriff at the time of the sale, except those in favor of P. F. Patton, administrator, Summey, administrator, and T. J. Lenoir.

How then is the fund to be applied? Our opinion is, and we so decide, that in the first instance the sheriff shall reserve one thousand dollars for the homestead, and then apply the residue to the judgments according to the priority of their docketing; but as this will exhaust the fund before reaching the judgment in favor of T. J. Lenoir, as that is privileged against the defendant's right of homestead, it must be paid out of the thousand dollars reserved for the homestead, and the defendant will be entitled to what remains. But as he will be entitled to hold it only during his life, the remainder will be subject to the lien of the judgments as if it were land. The defendant may, if he shall choose to do so, give bond and security to such person

as the judge of the superior court of Buncombe county may designate, to secure the return of the amount upon his death, to be applied to such judgment or judgments as shall remain unsatisfied according to priority of docketing, or a reference may be ordered by the judge of the superior court of Buncombe county to ascertain the value of the life interest of the defendant, Patton, in the residue of the one thousand dollars, after satisfying the Lenoir judgment. But in ascertaining the value of his life interest, the homestead should be estimated at one thousand dollars, as the defendant would have been entitled to that amount for his homestead against the judgments founded upon new notes, if the amount had not been reduced by an application of a portion thereof to the Lenoir judgment.

Lest it may be supposed we have overlooked the point raised in the argument before us with regard to marshalling the fund, we take occasion to say, that in our opinion that rule of equity has no application to a case where the homestead is involved. It is a " consecrated right" granted by the constitution, and is an equity superior to all other equities. See *Butler* v. *Stainback, ante,* 216.

Let this be certified to the superior court of Buncombe county that proceedings may be had in conformity to this opinion.

J. W. Wilson and the Bank of Statesville must pay the costs of this appeal.

Error.                                   Modified.