### MISSOURI, K. & T. RY. CO. v. FULLER.

(Circuit Court of Appeals, Eighth Circuit. December 30, 1895.)

No. 626.

1. ASSIGNMENTS FOR CREDITORS—BY WHOM DISPUTABLE.
   A debtor of one who has made an assignment for the benefit of creditors cannot dispute the validity of the assignment upon every ground which would render it voidable as against a creditor who should object to it on such ground.

2. PRACTICE ON APPEAL—EXCEPTION—DEFECT OF RECORD.
   An exception to the evidence of a witness on the ground that he testified from a memorandum made long after the fact, cannot be sustained when the record does not contain the memorandum, or disclose whether it was prejudicial or not, or whether it was in fact used by the witness.

3. TORTS—DEFENSES—INDEMNITY.
   It is no defense to a wrongdoer that the injured party has been indemnified by insurance, or has collected all or a part of such indemnity.

4. CHARGING JURY—LANGUAGE OF COUNSEL.
   It is not error to refuse to instruct a jury in the language suggested by counsel, when correct instructions on the same points have already been given.

In Error to the United States Court in the Indian Territory.

On September 23, 1891, Manny G. Butler and Robert E. Butler, partners as Butler Bros., were the owners of a stock of general merchandise situated in the town of Chouteau, in the Indian Territory, which was burned on that day. On September 24, 1891, Manny G. Butler and Robert E. Butler made a general assignment for the benefit of their creditors to Orange Fuller, the defendant in error. He brought this action as such assignee to recover from the Missouri, Kansas & Texas Railway Company, the plaintiff in error, the value of this stock of goods, on the ground that the fire which destroyed it was negligently set by the employés of that company. The company denied the negligence charged against it, denied that Butler Bros. owned the stock of goods, and denied that they had assigned the claim for their destruction to the defendant in error. The case was tried to a jury, and a verdict was found and a judgment rendered against the railroad company. This writ of error was sued out to reverse this judgment.

Clifford L. Jackson, for plaintiff in error.

Harrison O. Shepard, James P. Grove, and Richard B. Shepard filed brief for defendant in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

SANBORN, Circuit Judge, after stating the facts as above, delivered the opinion of the court.

Four supposed errors in the rulings of the court below upon the trial in this case are pressed upon our consideration, but they warrant no more extended notice than their statement. They present no question the answer to which is either doubtful or difficult.

1. It is contended that the general assignment from Manny G. Butler and Robert E. Butler to the defendant in error should have been excluded from the evidence on the ground that it directed the assignee to return any surplus of the proceeds of the assigned property which should remain after the payment of certain preferred creditors of the firm of Butler Bros., to the assignors, without providing for the payment of their individual creditors. This position is untenable for two reasons: (1) Because the assignment contained no such direction; and (2) because, if it had, the railroad company, a debtor of the assignors, could not assail it on that ground. By the terms of the deed the assignors were "Manny G. Butler and Robert E. Butler, of Chouteau, Cherokee Nation, First judicial division, Indian Territory, copartners doing business in the town of Chouteau under the firm name of Butler Brothers, parties of the first part," and they conveyed to the defendant in error "all and singular their copartnership and individual estate, real and personal, goods, chattels, effects, credits, choses in action, and property of every name and kind, whether held by and in the name of said parties of the first part, and each or either of them, or by and in the name of any other person for them," except property exempt from sale under execution. By the terms of the deed they preferred six creditors, as they lawfully might under the laws of the Indian Territory, and provided that, if any residue or surplus should remain, "the said party of the second part shall distribute the said moneys among all the other creditors of the parties of the first part ratably and in proportion to their respective demands. If any surplus shall remain of the property and estate hereby assigned after the payment of all the just debts owing by the parties of the first part, the party of the second part shall return the same to the parties of the first part, their executors, administrators, or assigns, according to their respective rights thereto." The parties of the first part were the individuals Manny G. Butler and Robert E. Butler, and the deed neither authorized nor required the assignee to return any of the proceeds of the property conveyed to the parties of the first part until all their debts, both partnership and individual, were fully paid. Moreover, if the deed had made such a provision, it would not have been void. It would have been voidable as against the creditors of the assignor who elected to attack it, simply. It would have been valid and unimpeachable as against the assignors, their debtors, and all their creditors who did not elect to disaffirm

and avoid it. The railroad company, a debtor of the assignors, could not successfully attack it on the ground that it was voidable as to creditors. Rohrer v. Turrill, 4 Minn. 407 (Gil. 309); Allen v. Brown, 44 N. Y. 228; Stone v. Frost, 61 N. Y. 614; Sheridan v. Mayor, etc., 68 N. Y. 30.

2. It is insisted that a witness was erroneously permitted to testify as to the number and character of the tools burned in the blacksmith shop, with a list of them before him, which he had made from memory some months after the fire occurred. This objection cannot be sustained, because the list does not appear in the record, so that we can see whether it could have been prejudicial or not, and because it does not appear from the record that the list was used by the witness when he gave his testimony as to the contents of this shop. The record is that the defendant objected "to witness testifying from the list handed him, and to sustain his position examines the witness." Then follows an examination, first by the counsel for the plaintiff in error, then by the court, and then by counsel for the defendant in error. The record then proceeds as follows: "Whereupon the court overruled defendant's objection, to which the defendant, by its counsel, then and there at the time duly excepted, and still excepts. Examined by Judge Shackelford: Q. Tell us what was there. A. I cannot read English. Q. Go on, and tell us what was in the shop. A. One anvil. Q. What was it worth? A. About $22.00. Q. What else? A. One pair of bellows." And the testimony then proceeds with a long list of articles, many of which were suggested by the questions. This examination shows that the plaintiff in error could not possibly have been prejudiced by this ruling of the court. The record does not show that the list in question was in any language other than the English, or that the witness could have read it if it was. The presumption is that it was in the English language, and the proof is plenary that the witness could not read that language. A list that the witness could not read, though held in the hand of the witness, could not have prejudiced the plaintiff in error.

3. It is assigned as error that the court refused to permit the railroad company to show that the plaintiff had effected a compromise of claims against certain insurance companies that had issued policies of insurance upon the stock of merchandise which was burned. There was certainly no error in this ruling. It is no defense to the wrongdoer that his victim has hired a stranger to indemnify him against his attack, and has either collected a part or all of the indemnity promised.

4. The court below fairly and correctly charged the jury upon the questions of negligence and the burden of proof, and no exception to this charge has been urged in this court. It is, however, insisted that it was error for the court below to refuse to give to the jury five instructions relative to these questions, which were requested by counsel for plaintiff in error. The general rules of law embodied in these various instructions were properly declared in the language of the court in its general charge for the guidance of the jury. It is not error for the trial court to refuse to give instructions to the jury in

the language of the counsel, where the rules of law which they embody are properly announced to the jury for their guidance in the general charge of the court. Railway Co. v. Jarvi, 10 U. S. App. 439, 453, 3 C. C. A. 433, 53 Fed. 65; Railway Co. v. Washington, 4 U. S. App. 121, 1 C. C. A. 286, 49 Fed. 347; Railway Co. v. O'Brien, 4 U. S. App. 221, 1 C. C. A. 354, 49 Fed. 538; Eddy v. Lafayette, 4 U. S. App. 247, 1 C. C. A. 441, 49 Fed. 807; Railway Co. v. Spencer (decided at the present term) 18 C. C. A. 114, 71 Fed. 93.

The judgment below must be affirmed, with costs, and it is so ordered.