## LEWIS J. SPRAGUE *v*. ORANGE J. TRAIN.

### *Principal and Agent.    Contract.    Assumpsit.*

Where the defendant proposed to sell the plaintiff a quantity of cheese, and told the plaintiff that if he notified him the next day, the plaintiff should have it on the terms proposed, and the next day the plaintiff sent L. to the defendant for the purpose, and *no other*, of notifying the defendant that he would take the cheese on the terms proposed, and to pay the defendant ten dollars, and thereupon the defendant refused to take the ten dollars unless the plaintiff would take, and pay for, the cheese by the middle of the week following, and L. told the defendant that the plaintiff would take and pay for it by that time, and if he did not the ten dollars would be forfeited; *held*, 1st. That the refusal of defendant to accept the ten dollars unless the cheese should be taken by the middle of the week following was a repudiation of the proposal of the preceeding day, which he had a right to make. 2d. That L. had no authority to bind the plaintiff to take and pay for the cheese the next week following. 3d. That the plaintiff not having affirmed the agreement of L. by offering to take and pay for the cheese by the middle of the week following, the defendant was not liable for refusing to deliver it afterwards. 4th. That the ten dollars having been paid on conditions which L. had no right to make, it might be recovered in this suit.

ASSUMPSIT.    The case was referred and the referee reported as follows :

"It appears that on the 10th day of November 1858, the plaintiff called on the defendant for the purpose of buying the defendant's cheese.    The cheese was examined and about seventy in number of them, estimated by the parties to weigh four thousand pounds, were regarded by them fit for market.    The defendant offered to sell the cheese to the plaintiff for 8 1-2 cents per pound and deliver the same at the railroad depot, either at Granville, in the state of New York, or at Danby, as the plaintiff desired. The cheese was to be weighed at the defendant's house in Pawlet, and to be taken and paid for by the plaintiff, if he could, the following week, or as soon thereafter as he could attend to it. The plaintiff did not then accept of the defendant's offer, but the defendant agreed that if the plaintiff should notify him the next day of his, the plaintiff's, acceptance thereof, the plaintiff should have the cheese on the terms proposed.    On the next day the plaintiff sent one Nathan Lapham to the defendant for the purpose, and no other, of notifying the defendant that he, the plaintiff, would take the cheese on the terms proposed and to pay

the defendant ten dollars, a part of the purchase money. Lapham gave the defendant notice accordingly, and offered him the ten dollars. [The defendant refused to take the money unless it was understood that the plaintiff should take, and pay for, the cheese by the middle of the week following. Lapham told the defendant that the plaintiff would do so, and that, if he did not, the ten dollars would be forfeited and belong to the defendant.] Whereupon the defendant took the ten dollars.

' To the testimony offered by the defendant to prove the facts last above stated, and included in brackets, the plaintiff objected. The objection was overruled. This question is submitted to the court.

It further appeared that on the 26th day of November following, the plaintiff called on the defendant for the cheese, and informed him that he was ready to weigh and pay for it.

The defendant refused to let the plaintiff have the cheese, or to pay back the money paid him by Lapham, on the ground that the plaintiff had not come for it by the middle of the previous week and that the ten dollars were forfeited.

The cheese has never been delivered to the plaintiff or the ten dollars repaid. Lapham informed the plaintiff of his having given the notice and paid the ten dollars, as above stated, on the Wednesday following, but did not communicate to him the facts above stated in brackets. The plaintiff called for the cheese as soon as the circumstances of his business would permit after hearing from Lapham.

The defendant resided in Pawlet, Lapham in Danby, and the plaintiff in Jamaica. Lapham mailed his letter to the plaintiff, communicating to him that he, Lapham, had notified the defendant of the plaintiff's acceptance of the defendant's offer, and the payment of the ten dollars, which the plaintiff received on the Wednesday evening following. The defendant offered testimony tending to show that A. S. Whitcomb, on the next day after the defendant claimed the plaintiff was to have taken the cheese, went, at the plaintiff's request, to the defendant, and offered to pay the defendant one hundred dollars, and told the defendant that the plaintiff said he could not take the cheese that week but would come the Thursday following and take the cheese and make it all

right.    That the defendant refused to take the one hundred dollars, and gave as a reason that the time had expired for taking the cheese, but that if Whitcomb was agent enough to run the risk of the cheese taking hurt where it was, it could remain, and he, Train, would take the one hundred dollars.    Whitcomb refused to take the responsibility for the plaintiff to run the risk and defendant refused to take the money.    To this the plaintiff objected and the testimony was rejected.

The question of its admissibility is also submitted to the court."

The court at the December term 1860, KELLOGG, J., presiding, rendered judgment on the report for the defendant, to which the plaintiff excepted.

*Butler & Wheeler* and *E. B. Burton*, for the plaintiff.

*J. B. Bromley* and *D. E. Nicholson*, for the defendant.

PECK, J.   This is an action of assumpsit in which the plaintiff claims to recover upon a special contract by which the defendant sold to the plaintiff, as is alleged, a quantity of cheese, about four thousand pounds, and claiming as a breach the non-delivery of the cheese.   The declaration also contains the common count for money had and received.   The case having been tried in the county court on the report of the refereee who reported the facts and submitted the question of the legal liability of the defendant to the court, the county court rendered judgment for the defendant and the plaintiff excepted to that decision.

The principal questions in the case are, whether the facts reported by the referee constitute a binding contract between the parties, and if so, what that contract was.

It appears that the plaintiff called on the defendant November 10th, 1858, to buy the defendant's cheese, being about four thousand pounds then fit for market :—defendant offered it to plaintiff for eight and one-half cents per pound, to be delivered at the railroad depot, either at Granville, New York, or at Danby, Vermont, as plaintiff desired, the cheese to be weighed at defendant's

house in Pawlet, and to be taken and paid for by the plaintiff, if he could, the following week, *or as soon thereafter as he could attend to it.* The plaintiff did not then accept the offer, but the defendant agreed that if the plaintiff should notify him the next day of his, the plaintiff's, acceptance thereof, the plaintiff should have the cheese on the terms proposed.

Thus far there was no contract; the plaintiff did not accept the offer; he therefore was not bound, and for that reason the defendant was not—it was a mere proposition which the defendant might recall at any time before an acceptance by the plaintiff, and it being for the sale of goods of the value of more than forty dollars, and evidenced by no writing, it required also either a part delivery or something given in earnest or in part payment to bind the bargain. There was no such delivery. But the plaintiff claims the contract became operative and binding by notice from the plaintiff that he accepted the offer and by the payment of ten dollars to the defendant, the next day after the plaintiff's proposition was made. On this point it appears that on the 11th November 1858, " the plaintiff sent one Lapham to the defendant for the purpose, and no other, of notifying the defendant that he, the plaintiff, would take the cheese on the terms proposed, and to pay the defendant ten dollars, a part of the purchase money." Lapham gave the defendant notice accordingly, and offered him the ten dollars. The defendant refused to take the money unless it was understood that the plaintiff should take and pay for the cheese by the middle of the week following. This was in effect a repudiation on the part of the defendant of his offer the day before, and a refusal to abide by it or to accept the ten dollars to bind the bargain or as part payment under it. This he had a legal right to do. Lapham then told the defendant that the plaintiff would do so, that is, take and pay for the cheese by the middle of the next week, whereupon the defendant took the ten dollars.

It is claimed on the part of the plaintiff that Lapham had no authority to deliver the money on any other terms than on the basis of the defendant's original offer, and no authority to enter into any new stipulations, and hence, as the defendant received the ten dollars, he must be taken in law to have received it under

his original offer, and that such offer thereby became a binding contract. But concede this want of authority, and it only shows that no new contract has been made binding on the plaintiff. The fact still remains that the defendant has declined to abide by his original offer, and has not accepted the ten dollars under it. This is sufficient to prevent the original offer from ripening into a contract, whether the new stipulations entered into, and under which the money was received, are binding on the plaintiff or not.

It follows that the plaintiff cannot recover damages for the non-delivery of the cheese under a contract based on the original offer of the defendant made to the plaintiff on the tenth of November, for the reason that no such contract was ever made so as to become legally binding between the parties.

If the contract made between the defendant and Lapham was binding on the plaintiff, the plaintiff has no claim for damages under it, for the reason that he has never seasonably offered on his part to perform it, and the defendant is not shown to have been guilty of any breach of it, nor does the plaintiff seek to recover on this contract, but on the contrary repudiates it and denies the authority of Lapham to make such a contract in his behalf. But as the defendant claims to hold the ten dollars paid to him by Lapham, and the plaintiff seeks to recover it, it is material to determine the question as to the validity of this contract, as on this depends the right to the ten dollars. If this contract was valid and binding on the plaintiff, the defendant has a right to hold the ten dollars paid under it, as the plaintiff has neglected to perform it, and it was one of the stipulations of this contract that the ten dollars was to be forfeited if the plaintiff neglected to take and pay for the cheese by the time stipulated therefor.

Had Lapham any authority from the plaintiff to make such contract ? He had none in fact, for the report finds he was sent by the plaintiff to notify the defendant that the plaintiff accepted the defendant's offer of the day before, and to pay the defendant ten dollars, part of the purchase price under that offer or contract, *and for no other purpose.* Had he any authority in *law* ? It is true, an agent may bind his principal not only to the extent of his actual authority, but to the, extent of his apparent

authority within the general purpose of his agency, as in some cases where an agent is clothed with authority to make a contract and in negotiating the contract he violates some private instructions of his principal not known to the other party. But in this case Lapham had no authority to make any contract whatever, but was sent merely for the purpose of giving notice of the acceptance by the plaintiff of a previous offer by the defendant, and to pay the ten dollars in pursuance of it.

In this respect, therefore, the case differs from the case of *Barber* v. *Britton & Hall*, 26 Vt. 112, cited by the defendant's counsel. In that case the defendant sent the agent to employ the plaintiff, a physician, to visit on their credit a boy who had been injured in their employ, with instructions to tell the plaintiff they would pay him for the first visit. The agent employed the plaintiff generally to attend upon the boy, and omitted to inform him that the defendants would pay only for the first visit. It was held that the defendants must bear the loss resulting from the neglect of their agent. In that case the agent was authorized to make a contract ; in the case before us the agent had no power to make a contract, and his act in doing so was foreign to his agency, and the defendant in contracting with him, took the risk of the principal's refusal to adopt the act of the agent. The case at bar is in principle much like *Jordon* v. *Norton*, 4 M. & Wels. 155, which was an action for the price of a mare : the parties had agreed on the price and on all the terms of the trade, except the plaintiff had proposed to warrant the mare sound and quiet in *double* harness ; the defendant had offered to take her at the price if the plaintiff would warrant her sound *and quiet in harness.* The defendant sent his son after the mare with instructions not to take her without such warranty as he, the defendant, had required. The son took her without such warranty, and it was held that the taking of the mare by the son was no acceptance by the plaintiff for want of authority in the son. The mare having been returned, it was held that an action for the price could not be sustained.

*White* v. *Laughlin*, 30 Vt. 600, is a still stronger case in support of this view of the case, and goes further than is necessary to go in the present case.

The result is, that the contract made by Lapham under which he paid the ten dollars, was not binding on the plaintiff for want of authority in Lapham to make it. But it is claimed that the plaintiff by bringing this suit has affirmed the contract made by Lapham. There is no doubt but a party may thus affirm a contract made by an agent, although the agent exceeded his authority, but the declaration has not been handed to the court, and there is nothing in the papers before us to show that the plaintiff has ever affirmed the contract made by Lapham, or that he has sought to recover except upon the original contract between him and the defendant, or to recover back the ten dollars paid by Lapham. There can be no recovery for damages for non-delivery of the cheese.

The testimony as to the defendant's offer through Whitcomb, was properly rejected by the referee, as it had no tendency to vary the rights of the parties.

The result is, that the defendant has ten dollars of the plaintiff's money which he has received without any consideration, and which he holds under no contract; not under the first offer of the defendant, for that never became a binding contract and the money was not received under it ; not under the second contract made by Lapham, for that is not binding on the plaintiff. This sum the plaintiff is entitled to recover.

The judgment of the county court is therefore reversed and judgment rendered for the plaintiff for the ten dollars and interest thereon from the time from which the referee computes it to the present time.