## S. A. CLEVELAND *v.* I. L. PEARL & CO.

### *Sale. Agent. Payment by check of agent.*

1. A sale, the contrary not appearing in fact, is in law a sale for cash on delivery.
2. He who deals with an agent having only a special and limited authority is bound at his peril to know the extent of that authority.
3. Where the vendee directs the vendor at the time of the purchase, to deliver the goods to his agent, and provides the agent with funds to pay for such goods upon delivery, if the vendor at the time of the delivery takes the check of the agent in part payment upon his representation that he has not the cash to pay the full amount, the check is a payment of the vendor's debt and the vendor takes it at his peril; certainly if, as here, the vendor agrees with the agent for a delay in presenting the check, gives the vendee no notice, and subsequently parts with it in the payment of his own debt, the vendee being prejudiced by a settlement made meantime with the agent before receiving notice of the dishonor of the check.

This was an action in general assumpsit for the price of certain wool. Plea, the general issue with notice of special matter. Trial by jury at the February term, 1890, Orleans county, Tyler, J., presiding. Verdict and judgment for the plaintiff. The defendant excepts.

The plaintiff resides at Coventry and the defendants do business and reside at Johnson, Vt. On June 16, 1888, the defendants purchased the plaintiff's wool, which was then at his residence in Coventry. By the terms of the sale it was agreed that the plaintiff should deliver the wool at the store of one Geo. R. Hoyt, in Westfield, Vt. Hoyt was then a merchant, doing business at Westfield. The evidence of the defendants tended to show that at the time of the purchase they notified the plaintiff that they would leave with Hoyt the money with which to pay for the wool upon its delivery. The plaintiff testified that noth-

ing whatever was said upon this subject. No question upon this branch of the case was submitted to the jury.

On said June 16, the defendants gave Hoyt the money with which to pay for the wool, and directed him to so pay for it upon its delivery at Westfield to him. On June 22, the plaintiff delivered his wool to Hoyt. The wool at the price agreed upon amounted to $272.40. Hoyt paid the plaintiff $135 in cash, and gave him his, Hoyt's, check for the balance, $137.40, on the Barton National Bank.

The parties did not agree as to how the check came to be given. The plaintiff testified that he insisted upon having the money and only took the check when convinced that he could not get the currency. Hoyt upon the contrary, testified that he was ready and offered to pay the plaintiff the cash, but that the plaintiff preferred the check. The plaintiff further testifies that when he took the check he told Hoyt that he was very busy about his work and very likely could not present it before the first week in July.

The plaintiff retained possession of the check until June 26, when he endorsed and delivered it to one Barrows of Coventry in payment of a debt. Barrows retained it in his possession until June 29, when he endorsed and delivered it to the National Bank of Newport, Vt. On the same day the National Bank of Newport endorsed and sent the same to the National Bank of Redemption of Boston, Mass., which on June 30, endorsed and sent the same to the Merchants National Bank of Burlington, Vt., which on July 2d, endorsed the same to the order of any national bank for collection on its account, and on July 6 presented it for payment at the Barton National Bank, which was refused and the check protested.

It appeared that up to and including the morning of July 3d, Hoyt had sufficient funds in the bank with which to meet this check. On July 2d he filed his petition in insolvency, and on July 4th the Barton National Bank was notified of the pendency of such proceedings.

The defendants had no notice that Hoyt had not paid the plaintiff in full for his wool when the same was delivered, until they received in due course of mail a letter from the plaintiff dated July 9th, to the effect that Hoyt's check had proved worthless and that he should hold them for the balance of the wool. Meantime on June 26th the defendants settled with Hoyt in reference to other transactions and paid him a balance greater than the amount of his check.

The plaintiff resided about twelve miles from Barton and six miles from Newport. It was conceded that between Coventry, Newport, Barton, Boston and Burlington there was a daily mail.

The defendants claimed that under the law merchant the plaintiff had been guilty of such laches that he could not recover, and moved the court to direct a verdict in their favor. This the court declined to do, ruling that the law merchant did not apply, and the defendants excepted.

The only question submitted to the jury was whether the plaintiff took the check as testified to by him or as testified to by Hoyt. The court upon this point instructed the jury that if the plaintiff took the check at Hoyt's solicitation and because he did not have the money as testified by the plaintiff, the plaintiff was entitled to recover, to which the defendants excepted.

*L. H. Thompson*, for the defendants.

This check was not tainted by any fraud. It was good when given, and for several days afterwards. It was a payment, there being in effect a novation by which the plaintiff made Hoyt the debtor.

2 *Par. N. & B.* 158; *Farr* v. *Stevens*, 26 Vt. 299.

If the defendants were under any liability as to this check, it certainly was no greater than that of endorsers. Hence, the plaintiff was bound to make due presentment of the check and

give timely notice of its non-payment. Not having done this the defendants are discharged.

*Sto. Pr. Notes* §495.

The plaintiff knew that the defendants had an interest in having this check presented for payment and he owed them the same duty as though they were parties to it.

*Smith* v. *Mercier*, Law Rep. 3 Exch. 51; *Kilpatrick* v. *Home Building & Loan Association*, 11 Cent. Rep. 430; *Middlesex* v. *Thomas*, 30 N. J. Eq. 39; 2 Benj. Sales (4th Am. Ed. by Corbin) §1083 and note 19; 3 Add. Con. (Morgan's Ed.) §1276; *Smith* v. *Miller*, 43 N. Y. 172; *Cambridge* v. *Allenby*, 6 B. & C. 373; 13 E. C. L. 175. Sto. Bills §109; *Aldis* v. *Johnston*, 1 Vt. 136.

When the plaintiff endorsed this check and put it into circulation he made it his own, and could not afterwards fall back upon the original indebtedness. Byles Bills (6th. Ed.) p. 35 and note 1.; p. 38; *Boddington* v. *Schlenker*, 4 Barn. & Ad. 752; 24 E. C. L. 331; *Moule* v. *Brown*, 4 Bing. N. C. 266; 33 E. C. L. 703, 705; *Harris* v. *Johnston*, 3 Cranch 311; *Torrey* v. *Baxter*, 13 Vt. 456; *Goochie* v. *Brock*, 52 Vt. 107.

*C. A. Prouty*, for the plaintiff.

The defendants bought the plaintiff's wool and agreed to pay him for it. They have never done so. The giving of a check is not a payment unless the check is productive of the money. 2 Par. Con. 622.

And the same rule is true where the check of an agent is given. The debtor is not discharged unless the creditor knew that he might have the money and elected to take the check for his own convenience. Add. Con. §346; *Everett* v. *Collins*, 2 Camp. 515.

The defendants are not therefore discharged from this indebtedness unless the plaintiff has done or omitted to do something in reference to this check which works that result.

Cleveland v. Pearl & Co.

The law merchant does not apply for one of the conditions upon which the plaintiff took the check was that he might not be able to present it before the first week in July.

The plaintiff endeavored to get his money. Failing that he took this check, which he has used as he agreed to. The fault was that of Hoyt, who was the defendants' agent, and whose default they must make good.

The opinion of the court was delivered by

ROWELL, J. It not having been found how it was in fact, this was in law a sale for cash on delivery. And it is manifest that the parties so understood it; for the defendants put Hoyt in funds wherewith to pay on delivery, and the plaintiff called for payment in money when he delivered. And when he found that he could not get cash in full according to his right, he had an option not to deliver at all. But he chose to deliver notwithstanding, and to take Hoyt's check, payable to himself, for the unpaid balance, in the giving of which, Hoyt was not defendants' agent, for he was acting outside the scope of his authority, which was, to pay cash down, and the plaintiff ought to have known it; but if he did not, the law will treat him just as though he did, for he who deals with an agent having only a special and limited authority, is bound at his peril to know the extent of his authority. *White* v. *Langdon*, 30 Vt. 599; *Sprague* v. *Train*, 34 Vt. 150.

By taking the check in the circumstances disclosed, agreeing for his own convenience for delay in presenting it, and subsequently parting with it in payment of his debt, the defendants having been prejudiced, if liable here, by paying their debt to Hoyt in the meantime, when, had they known how it was they could have paid the plaintiff and saved themselves,—the plaintiff must be deemed to have made the check his own, and to have accepted the credit and responsibility of Hoyt instead of that of the

defendants, and to have discharged the latter. In other words, Hoyt's check paid the debt as between these parties.

The plaintiff stands no better than he would had he taken the check in preference to the money, or had given a receipt acknowledging payment, when he would certainly have discharged the defendants, for so are all the authorities.

The case is not like those in which the plaintiff had no option and could do no better than to take a bill or a note, and no injury resulted to the defendant in consequence of taking it. In such case the check is a conditional and not an absolute payment. *Robinson* v. *Read*, 9 B. & C. 449, is of that class.

But here was no antecedent debt, and the plaintiff had the staff in his own hands, and might have kept his wool; but he chose to deliver it and to take Hoyt's check for it, without authority from the defendants or notice to them, and he has no standing to claim that the check was only conditional payment.

*Judgment reversed and cause remanded.*

Royce, C. J., being indisposed, did not sit.