<hr />

NAPA VALLEY WINE COMPANY, Respondent, vs. CASANOVA and another, Appellants.

*September 16—October 5, 1909.*

*Agency: Liability of principal for purchases: Secret agreement limiting authority.*

Defendants having sold the stock of liquors and glassware used in a saloon business and turned the business over to the purchaser, to be continued by him in their name, under licenses issued to them, until the purchase price and cost of the licenses was repaid, a private and undisclosed agreement that he should not commit them to liability for supplies purchased by him for the business would not protect them against a claim for such supplies by one who dealt with him in the ordinary line of such business without knowledge of the restriction.

APPEAL from a judgment of the circuit court for St. Croix county: E. W. HELMS, Circuit Judge. *Affirmed.*

The defendants, copartners, conducted a brewery business at Hudson, Wisconsin. They had come into ownership of the stock, furniture, fixtures, and lease of a saloon at St. Joseph, and were conducting the same through an employee, when they effected a sale to one McMahon of the stock of liquors and glassware; the defendants retaining the lease and furniture and agreeing to procure the licenses, both state and municipal, in their own name, whereupon McMahon was to take over the business and pay over to the defendants, from sales, as rapidly as possible, the purchase price and the cost of the licenses. This he proceeded to do, with the licenses publicly exhibited inside and a sign of the defendants' beer on the exterior of the building. The plaintiff sold McMahon a quantity of liquors for use in the saloon upon McMahon's statement that he was running the saloon for the defendants, which he confirmed by calling attention to the licenses. Defendants refusing to pay, this action was brought against them.

The court found as a fact "from all the transactions accompanying the installation of McMahon that it was understood between him and the defendants that the business of running such saloon should be continued in the name of the defendants." Also that the goods were sold upon the belief that the business was being conducted for and in behalf of the defendants and were used in such business. Accordingly judgment was rendered for the plaintiff for the unpaid balance of the purchase, some $60, from which the defendants appeal.

*A. J. Kinney,* for the appellants.

For the respondent there was a brief by *Baker & Haven,* and oral argument by *Spencer Haven.*

DODGE, J. While, as the trial court says, the evidence is somewhat nebulous and indefinite as to what the parties un-

derstood, yet there was a fair issue of fact for that court to decide. The evidence does not preponderate at all clearly against his conclusion that the intention was that the business should be run as that of the defendants until they were reimbursed the amount of McMahon's indebtedness to them; and that one of the usual and essential powers incident to the running of such a business, remote from the principal's residence, is the purchase of supplies to be used therein. This being so, a private and undisclosed agreement that he should not commit defendants to liability for such purchases would not protect them against a claim by one dealing with McMahon in the ordinary line of such business without knowledge of such restriction. *Roche v. Pennington,* 90 Wis. 107, 112, 62 N. W. 946; *McDermott v. Jackson,* 97 Wis. 64, 71, 72 N. W. 375; *Parr v. Northern E. Mfg. Co.* 117 Wis. 278, 287, 93 N. W. 1099; *Abrohams v. Revillon,* 129 Wis. 235, 107 N. W. 656; *Ferris v. Kilmer,* 48 N. Y. 300, 304.

*By the Court.*—Judgment affirmed.