NORTHEASTERN NASH AUTOMOBILE COMPANY, INC. v. ALLEN BARTLETT.

October Term, 1926.

Present:    WATSON, C. J., POWERS, SLACK and FISH, JJ., and MOULTON, Supr. J.

Opinion filed March 11, 1927.

*Principal and Agent—Termination of Employment—Parol Evidence To Show Agency, Scope, and Termination of Agency —Redirect Examination to Meet Inference from Cross-examination—Immaterial Evidence—Salesman's Implied Power To Receive Payment for Article Sold—Evidence Relating to Limited Power of Agent—Characterizing Evidence—Admissibility of Parol Evidence To Show Writing Never Intended as Contract—Insufficiency of Evidence Offered To Show Ratification of Contract—Necessity of Saving Exception to Court's Failure To Give Suggested Instruction—Judgment—Effect of Payment for Loss of Converted Automobile by One Having No Connection with Person Sued for Conversion.*

1.  In action of tort by corporation for conversion of automobile, which defendant claimed had been sold him by plaintiff's salesman, on issue whether latter's employment had terminated prior to such sale, which depended upon whether he

had been notified by plaintiff's manager that employment was terminated, such manager was competent to testify that salesman had been so notified, and when. such notice was given with reference to time automobile in question, and another one converted by such salesman, had been missed.

2. In such action, whether salesman's employment was in fact terminated when plaintiff claimed, not affecting plaintiff's claim about it, evidence of when plaintiff missed such automobiles with reference to when it claimed salesman's services were terminated was properly admitted.

3. In such action, testimony of plaintiff's manager that on occasion when he claimed salesman's employment was terminated, he told salesman that he was through work, that under no consideration should be take another car out of garage, and that plaintiff's manager would sell automobile in question himself, *held* admissible as tending to show that salesman's employment had been terminated.

4. When agency is created by parol, agent or principal is competent witness to prove such agency, its scope, and its termination.

5. In action of tort by corporation for conversion of autombile, which defendant claimed had been sold him by plaintiff's salesman, but whose employment plaintiff claimed had been terminated prior to sale, to meet claim which might be made from cross-examination of plaintiff's manager, showing that on day of sale he had been telephoned by another person, advising him that salesman was at such other person's place trying to sell automobile in question, plaintiff's manager was properly permitted on redirect examination to testify that he did not direct salesman to go to such place on that occasion.

6. In such action, where defendant had given such salesman check, payable to defendant's order and indorsed by him in blank, in part payment for automobile in question, testimony of plaintiff's manager that neither salesman nor any other person connected with the corporation was authorized to accept payment for cars by check payable to themselves, was inadmissible, since fact that salesman was not authorized to accept such check in payment for car had no tendency to show that he had been instructed not to do so.

7. Salesman intrusted with possession of car with authority to sell it, has implied power to receive payment therefor, and whether payment is in money or cashier's check, which is universally recognized as equivalent of money, is immaterial.

8. In action by corporation for conversion of automobile, which defendant claimed had been sold him by plaintiff's salesman, but whose employment plaintiff claimed had been terminated prior to sale, evidence of agency, not being such that it could be held as matter of law that salesman was general agent, corporation's manager was properly permitted 'to testify that sale of all cars was to be made by written contract, and approved by him before delivery, since, if agency was special, whoever dealt with such agent was bound at his peril to know extent of agent's authority, and use to be made of such evidence was matter for court to deal with in its instructions to jury.

9. In such action, refusal to permit alleged salesman to characterize another employee of plaintiff as manager or to tell what position such employee held, was not error where witness was permitted to testify as fully as he desired concerning such other person's authority and duties, since this was as far as witness was entitled to go.

10. In such action, where plaintiff claimed that certain paper, not signed by defendant, was contract between salesman and defendant, and latter claimed that it was understood and intended by both parties merely as receipt for money paid by defendant, *held* that court erred in excluding evidence offered by defendant to show circumstances attending giving and taking of such instrument, its purpose and character as understood and intended by parties, and what the contract was which was actually entered into between them.

11. Though parol evidence is inadmissible to vary or contradict terms of written agreement, such evidence is admissible to show that writing which purports on its face to be contract was never intended as such by parties.

12. In action of tort for conversion of automobile, defendant's offer to show by his wife that, during trial of case, plaintiff's manager, in reply to question by her as to why he had not made demand on defendant for automobile, or said something to him about it, replied that he "didn't want the car, didn't then and didn't now," offered as tending to show ratification of contract between person claimed by defendant to be plaintiff's salesman and defendant, *held* properly excluded as having no such tendency.

13. Where no exception was taken to failure of court to comply with

instruction suggested by counsel seeking review, no question is thereby presented for review by Supreme Court.

14. In action of tort for conversion of automobile, where it appeared that an insurance company had paid plaintiff in full for loss of such automobile, defendant's motion, after verdict for plaintiff, for judgment in his favor, on grounds that it had appeared in trial that plaintiff had been paid in full for loss of car, but did not appear how or by whom such payment was made, that it must be presumed to have been made by defendant and not by mere volunteer, and that it did not appear that party making payment had been, or was entitled to be, subrogated to plaintiff's rights, *held* properly overruled, where there was no evidence showing defendant's connection with such payment, or sufficient to warrant such inference.

15. Person committing tort cannot set up in mitigation of damages that somebody else, with whom he has no connection, has either in whole or in part indemnified injured party, nor can such payment or indemnity be shown in defense of action.

ACTION OF TORT for conversion of an automobile. Plea, general issue. Trial by jury at the June Term, 1925, Caledonia County, *Willcox,* J., presiding. Verdict directed for plaintiff, and judgment thereon. The defendant excepted. The opinion states the case. *Reversed and remanded.*

*James B. Campbell* and *Shields & Conant* for the defendant.

Lay witness may not characterize transaction, when its character is matter for ultimate decision of jury. *Cate* v. *Fife & Child,* 80 Vt. 404, 408; *Jaquith Co.* v. *Shumway's Estate,* 80 Vt. 556, 562; *Fadden* v. *McKinney et al.,* 87 Vt. 316, 324.

Agent, acting within apparent scope of general agency in selling automobiles, binds principal, regardless of latter's private instructions unknown to party with whom agent deals. 31 Cyc. 1331; *Wilder* v. *Hinckley Fibre Co.,* 97 Vt. 45, 49; *Valiquette* v. *Clark Bros. Coal Mining Co.,* 83 Vt. 538, 545; *Winchell* v. *Nat'l Exp. Co.,* 64 Vt. 15.

Question whether paper purporting to be contract was delivered and received as such is open to parol evidence. *King* v. *Woodbridge,* 34 Vt. 565; *Tarbell & Whitham* v. *Gifford,* 82 Vt. 222; *Overseer of Poor, etc.* v. *Mitchell* (N. J.), 68 Atl. 69;

*Eldorado Jewelry Co.* v. *Darnell,* 135 Iowa, 555, 113 N. W. 344; *Sibley* v. *Halcomb,* 104 Ky. 470, 47 S. W. 765; *McGinn* v. *Tobey,* 62 Mich. 252, 28 N. W. 818; *Birdsdall* v. *Coon,* 157 Mo. App. 459, 139 S. W. 243; *Schuylkill County* v. *Copley,* 67 Pa. 386, 5 A. R. 441; 22 C. J. Evidence, § 1612; *Hayden Rubber Co.* v. *Duncklee,* 30 Vt. 29; *Colonial Park Estate* v. *Massart,* 112 Md. 648, 77 Atl. 275; *Wiltse* v. *Fifield,* 143 Iowa, 332, 121 N. W. 1086; *Hathaway* v. *Rogers,* 112 Iowa, 638, 84 N. W. 674; *Woodard* v. *Walker,* 192 Mich. 188, 158 N. W. 846; *Peachner* v. *Phoenix Ins. Co.,* 65 N. Y. 195; *Grierson* v. *Mason,* 60 N. Y. 394; *Brooks Medicine Co.* v. *Jeffries,* 94 Ark. 575, 127 S. W. 960; *Koester* v. *Northwestern Port Huron Co.,* 24 S. D. 546, 124 N. W. 740; *Burke* v. *Dulaney,* 153 U. S. 238, 38 L. ed. 698, 14 Sup. Ct. 819; *Cameron* v. *Estabrooks,* 73 Vt. 73.

*Searles & Graves* for the plaintiff.

Special agent acting outside scope of his authority does not bind principal, for one dealing with such agent is bound at his peril to know extent of agent's authority. *Lee* v. *Vaughan Seed Store,* 141 S. W. 496, 37 L. R. A. (N. S.) 352; *Cleveland* v. *Pearl,* 63 Vt. 127; *White* v. *Langdon,* 30 Vt. 599; *Sprague* v. *Train,* 34 Vt. 150.

Acts of agent assuming to have authority to sell principal's personal property will not bind principal unless he has actually given agent such authority or has held him out to public as clothed with it. 2 C. J. 592; *Thatcher* v. *Kaucher,* 24 L. ed. 511; *Royle* v. *Worcester Buick Co.,* 243 Mass. 143, 137 N. E. 531; *Cleveland* v. *Pearl,* 63 Vt. 127; *Bagot* v. *Inter-Mountain Milling Co.,* 100 Or. 127, 196 Pac. 824; *May Co.* v. *Menzies Shoe Co.,* 184 N. C. 150, 113 S. E. 593; *Dannesburg Co.* v. *Hughes,* 30 Ga. App. 83, 116 S. E. 892; *Cape County Savings Bank* v. *Gwen Lewis Grocery Co.,* 123 Miss. 443, 86 So. 275; *Jones* v. *Marshall-Wells Co.,* 104 Ore. 388, 208 Pac. 768; *Hampton Cotton Mills* v. *Hershfield,* 121 Misc. 518, 201 N. Y. 556; *Moses* v. *Tartikoff et al.,* 188 N. Y. S. 816; *Planters' Lumber Co.* v. *Sibley,* 130 Miss. 26, 93 So. 440; *Cecile Costumes, Inc.* v. *Mitchell,* 190 N. Y. S. 509; *Commerce Furniture and Undertaking Co.* v. *White Sewing Machine Co.,* 94 Okl. 299, 222 Pac. 516; *Beronio* v. *Everett Johnson Lumber Co.,* 53 Cal. App. 286, 200 Pac. 837; *Baker* v. *Seaward,* 63 Ore. 350, 127 Pac. 961; *Hill* v. *James,* 148 Minn. 261, 181 N. W. 577.

Where person sought to be bound by a writing has carelessly signed same without reading, fact that it is averred not to contain contract as made furnishes no ground for admitting parol evidence to vary its terms, hence evidence that bill of sale was to be regarded as a receipt and was not to be enforced according to its terms was not admissible. 22 C. J. 1227; *Realty Adv., etc., Co.* v. *W. J. Kells Mfg. Co.*, 85 Miss. 411, 147 N. Y. S. 565; *Brannan* v. *Wakefield*, 3 Ga. App. 586, 60 S. E. 325; *Lessa* v. *Staler*, 75 Pa. Supr. 468; *Cook* v. *Northern Pac. Ry. Co.*, 61 Mont. 573, 203 Pac. 512; *Hettrick Mfg. Co.* v. *Waxahachie Cotton Mills*, 1 Fed. (2d) 913; *J. M. Case Mill Mfg. Co.* v. *Vickers*, 147 Ky. 396, 144 S. W. 76; *Bostwick* v. *Duncan*, 60 Ga. 383; *Kinnear & Gager Mfg. Co.* v. *Miner*, 88 Vt. 324; *Gillett* v. *Ballou*, 29 Vt. 296; *Connor* v. *Carpenter*, 28 Vt. 237.

SLACK, J. The action is tort for the conversion of a Dodge touring car. Plaintiff had a verdict and judgment below, and the case is here on defendant's exceptions.

The plaintiff is a corporation organized by John M. Allen for the purpose of selling Nash cars and used cars taken in trade. At the times here material, Allen owned practically all of plaintiff's capital stock, was its president and treasurer, and had general management of its business. For some months prior to the latter part of September, 1924, plaintiff had in its employ one Jewett Laird, who did such repair work on its cars as was required for a stipulated price per hour, and when not so employed sold cars for it on an agreed commission. On September 22, 1924, Laird traded the car in question to defendant in exchange for a Chevrolet car and $475. Defendant took immediate possession of the Dodge car, which he has since retained, and Laird received the Chevrolet car and a cashier's check issued by the Citizens Savings Bank & Trust Company, payable to the order of defendant and indorsed in blank by him, for the above amount. On the same day, Laird sold the Chevrolet car and converted the proceeds thereof, and also the proceeds of said check, to his own use.

[1] An important issue in the case until near the end of the trial was whether Laird was in plaintiff's employ at the time of the sale to defendant. The plaintiff claimed that his employment terminated the Wednesday or Thursday preceding such sale, which was on a Monday. This was denied by defendant. Allen, who was called as a witness by plaintiff, was asked

on direct examination: ''Q. Had Laird got through for you before you missed these cars?''—and, subject to defendant's exception that the witness should not be permitted to characterize a transaction that was for the jury to determine, and that the evidence was irrelevant, incompetent, and immaterial, answered, ''Yes, sir.'' Whether Laird had finished work for plaintiff before the cars were missed was a question for the jury, of course. But it appeared that this depended upon the sole fact of whether he had been notified by Allen that his employment was terminated. Representing the plaintiff as he did, Allen was competent to testify that Laird had been so notified, and could have properly testified when with reference to such notice the cars were missed. Other evidence received in connection with this answer show such to have been the only purpose and scope of the evidence excepted to, and the jury could not have understood otherwise. In the circumstances, error does not appear.

[2] The evidence as to when plaintiff missed the cars with reference to the time when it *claimed* Laird got through was properly admitted. Whether Laird in fact got through when plaintiff claimed he did, did not affect plaintiff's claim about it. Plaintiff claimed that he got through at a certain time, and was properly allowed to fix the date when it missed the cars with reference to such time.

[3, 4] Subject to defendant's objection that it was a conversation between the principal and agent to which defendant was not a party, Allen was permitted to testify that on the occasion when it was claimed Laird's employment was terminated, he told Laird, in substance, that he was through work, and that under no consideration should he take another car out of the garage; that he (Allen) would sell the Dodge car, which was the car in dispute, himself. Clearly this evidence was admissible as tending to show that Laird's employment had been terminated. See Mechem on Agency (2nd ed.), par. 613 *et seq.*, and same author (3rd ed.), par. 199. When, as here, the agency is created by parol, the agent is a competent witness to prove such agency and its scope. *Hendrickson* v. *Int. Harvester Co. of America*, 100 Vt. 161, 135 Atl. 702. So, too, is the principal. And it logically follows that the termination of the agency may be shown in the same way. Whether the plaintiff had so held Laird out to the world that defendant was not affected by the termination of their relations, without notice thereof, is another question.

[5]  On the cross-examination of Allen, it appeared that he had a telephone communication with one Dunn on the morning of the day Laird made the sale to defendant from which he learned that Laird was at Dunn's place in Cabot with a Dodge car that he was trying to sell Dunn, which turned out to be the car in question.  On redirect examination, the witness was permitted to testify, subject to exception, that he did not direct Laird to go to Dunn's place on that occasion.  This evidence was admissible to meet any claim that might be made from this circumstance that Laird was then in plaintiff's employ.

[6, 7]  On redirect examination, Allen was permitted to testify, subject to defendant's objection that the evidence was incompetent, immaterial, and irrelevant, and concerned an arrangement between the principal and agent of which defendant had no knowledge, that neither Laird nor any other person connected with the plaintiff was authorized to accept payment for cars by checks payable to themselves.  This evidence was inadmissible.  The fact that Laird was not authorized to accept checks in payment for cars had no tendency to show that he had been instructed not to do so.  Having been intrusted with the possession of the car with authority to sell it, authority to receive payment therefor would be implied.  *Brown* v. *Aitken,* 90 Vt. 569, 99 Atl. 265.  And whether he received payment in money or through the medium of a cashier's check, which is universally recognized as equivalent to money, was immaterial.

[8]  Subject to like objection, the witness was permitted to testify further, that the sale of all cars was to be approved by him before delivery, and that all such sales were to be made by written contract.  If Laird's agency was general in character, this evidence was incompetent unless it appeared that defendant had knowledge of such limitations, which is not claimed.  *Wilder* v. *Hinckley Fibre Co.,* 97 Vt. 45, 122 Atl. 428.  To same effect are, *Lobdell* v. *Baker,* 1 Metc. (Mass.) 193, 35 A. D. 358; *Higman* v. *Camody,* 112 Ala. 267, 20 So. 480, 57 A. S. R. 33; and *Crain* v. *Jacksonville First Nat. Bank,* 114 Ill. 516, 2 N. E. 486. And this is true, though Laird failed to disclose his principal. *Brooks* v. *Shaw,* 197 Mass. 376, 84 N. E. 110; *Hubbard* v. *Ten Brook,* 124 Pa. 291, 16 Atl. 817, 2 L. R. A. 823, 10 A. S. R. 585. See, also, *McCracken* v. *Hamburger,* 136 Pa. 326, 20 Atl. 1051; *Ernst* v. *Harrison,* 86 N. Y. Sup. 247; *Napa Valley Wine Co.* v. *Cassanova,* 140 Wis. 289, 122 N. W. 812.  Otherwise, in every

case of undisclosed principal, the secret limitation of authority would prevail and defeat the action of the person dealing with the agent, and later discovering that he was an agent and had a principal. On the other hand, if Laird's agency was special and limited in character, this evidence was admissible under the rule that whoever deals with such an agent is bound at his peril to know the extent of his authority. *Cleveland* v. *Pearl*, 63 Vt. 127, 21 Atl. 261, 25 A. S. R. 748; *White* v. *Langdon*, 30 Vt. 599; *Sprague* v. *Train*, 34 Vt. 150. Since it cannot be held as a matter of law, on the evidence, that Laird's agency was general in character, this evidence was properly received. The use to be made of it was a matter for the court to deal with in its instructions to the jury.

We do not pause to consider the exceptions that relate to the alleged misconduct of plaintiff's counsel in referring to the car in question as having been stolen, or stolen by Laird, since, in the circumstances, it is not apparent how defendant could have been harmed thereby. This, however, is not to be taken as an intimation that such reference was by any means proper.

[9] During the time that Laird was in plaintiff's employ, one Deering was also employed by plaintiff. In the course of Laird's testimony he characterized Deering as manager. This was excluded, subject to defendant's exception. Defendant also excepted to the refusal of the court to permit Laird to tell what position Deering held with the plaintiff. This was not error, since Laird was permitted to testify as fully as appears to have been desired concerning Deering's authority and duties. This was as far as he was entitled to go.

During the cross-examination of Laird, who was called as a witness by defendant, plaintiff offered in evidence its Exhibit 2, the material part of which reads as follows:

"CONTRACT           St. Johnsbury, Vt., Sept. 22, 1924.
    Between

|  | Northeastern Nash Co. | FIRST PARTY |
|---|---|---|
| AND | Allen H. Bartlett | SECOND PARTY |
| PHONE | ADDRESS | Danville, Vt. |

First party guarantees its new cars as per printed guarantee on back of this sheet. The back of this sheet is a part of this contract. Second party hereby orders from the first party the articles enumerated below at the prices and terms given. It is agreed that if the articles herein ordered are not taken the deposit will be forfeited to First Party. The credit of $      is

allowed solely in consideration of, and on account of price of car ordered herein.   Should this order be cancelled, then this credit will be void, but the First Party shall have the right at all times to sell the articles for which this credit is given for any price it may see fit, without the consent first had and received from the person to whom this credit is given.   In the event of the cancellation of the within order by the person to whom the credit is given he shall be entitled to only such money for which said automobile was sold, less charges for repairs, including parts and labor, and thirty per cent. (30%) of the price for which said car was sold, the said thirty per cent. (30%) being the commission due and payable to the First Party for making sale of said articles.   This contract is not valid unless approved by the signature of the manager.

~~DEPOSIT~~   *$475*                                                        ~~TERMS~~

APPROXIMATE DATE OF                TO BE DELIVERED AT
        DELIVERY

---

Article                         Model
                      *1 Dodge touring car*                          $875
               *1 Ch. touring car at $400 in trade*
                         *Paid in full*
                        *Sept. 22, 1924*

This contract covers fully every detail of this transaction.   There are no verbal or other agreements not herein contained.

SALESMAN   *Laird*                       PURCHASER
Approved by   *Laird"*

This exhibit is a printed form, except such parts as we have italicized, which are in Laird's handwriting.

Although the oft-repeated claims of the respective parties concerning the effect and purpose of this instrument cover several pages of the transcript, in substance and in effect they are these:   The plaintiff claimed that it constituted the contract between Laird and the defendant, and that parol evidence tending to vary the terms thereof was inadmissible, and that since it was not approved by Allen it was invalid.   The defendant denied its existence as a contract between him and Laird, and claimed, and offered to prove, that it was understood and intended by both parties to be merely a receipt for the amount paid by him.

[10]  Without noticing each of the numerous exceptions saved by defendant to the exclusion of evidence tending to show the circumstances attending the giving and acceptance of this instrument, its purpose and character as understood and intended by both Laird and the defendant, and the contract actually entered into between them, it is enough to say that the court adopted, to the full extent, the claim of the plaintiff, and, subject to defendant's exception, not only excluded all evidence thereafter offered tending to show the several facts above stated, but, on motion, of plaintiff, struck from the record all evidence previously given tending to show the contract actually entered into by Laird and defendant, and declined to submit to the jury any question but that of damages.  These several rulings were manifestly erroneous.  It had already appeared, without objection, that by the terms of the contract between Laird and defendant the latter was to have the Dodge car for a Chevrolet car and $475; that the terms of the contract were agreed upon at defendant's home in Danville; that the parties then went to the bank where defendant procured a cashier's check payable to himself, for the above amount, which he indorsed and delivered to Laird; that defendant then asked for a receipt and that Laird made and gave to him plaintiff's Exhibit 2; that defendant's request for a receipt was the first and only mention of a writing respecting the transaction by either Laird or defendant.

[11]  Generally speaking, the evidence offered by defendant for the various purposes above mentioned should have been received, and, together with that already in the case, should have been submitted to the jury under proper instructions.  *King* v. *Woodbridge,* 34 Vt. 565, and *Tarbell & Whitham* v. *Gifford,* 82 Vt. 222, 72 Atl. 921, 17 Ann. Cas. 1143, are full authority for this holding.  While the rule that parol evidence is inadmissible to vary or contradict the terms of a written agreement is firmly established, it is equally well settled that such evidence is admissible to show that a writing which purports on its face to be a contract was never intended as such by the parties; in other words, that such writing was not in fact a contract.  In the instant case neither party to the instrument in question ever claimed that it represented the contract between them.  On the contrary, the evidence of Laird already in the case without objection, tended to show that it was understood and intended by him as a receipt, merely.

The exception to the refusal of the court to permit Laird to testify to the scope of his agency is not sufficiently briefed to require consideration.

[12]   The defendant offered to show by his wife that during the trial of the case she asked Allen why, when he knew the defendant so well, he did not make demand upon him for the car, or say something to him about it, and that Allen replied that: "He didn't want the car, didn't then and didn't now." This was excluded subject to defendant's exception. The only claim for this evidence is that it tended to show a ratification of the contract between Laird and defendant. In the circumstances, it had no such tendency, and was inadmissible for that purpose.

The exceptions to the ruling of the court striking out such evidence as tended to show the contract actually entered into between Laird and defendant, and to the granting of plaintiff's motion for a directed verdict on the issue of defendant's liability, are already disposed of.

[13]   The court charged the jury, in substance, that whether plaintiff did or did not have any pecuniary interest in the outcome of the case, should not influence them in determining the proper value of the car in question, nor should the fact that some insurance company was the real party in interest, if such was the fact, influence them in determining that question. This was excepted to by defendant. After stating his exception, counsel added that the court should have instructed the jury that if plaintiff had received its pay for the car it could not recover in this suit. No exception was taken, however, to the failure of the court to charge in accordance with this suggestion, so no question concerning it is before us.

After verdict, and before judgment, defendant filed a written motion for a judgment in his favor. This motion, which is predicted upon fourteen assigned grounds, is, in effect, that it appeared on the trial that plaintiff had been paid in full for any damage sustained by it by reason of the loss of the car in question; that it did not appear how or by whom such payment was made; that it must be presumed that it was made by defendant, directly or indirectly; that it did not appear but that the party making such payment was a mere volunteer; that it did not appear that the party making such payment had been, or was entitled to be, subrogated to the rights of plaintiff; and

17

that, since plaintiff had received pay for the loss of the car, under these circumstances, it could not maintain this suit. The motion was overruled, to which defendant excepted.

[14, 15] It appeared that an insurance company had paid plaintiff on account of the loss of the car all that plaintiff claimed the car was worth. Whether such company was liable as insurer or the car, or acted as a mere volunteer did not appear, except by inference. It is not of the slightest consequence who reimbursed plaintiff, or under what circumstances, if defendant was not connected therewith, and there was no evidence to warrant an inference that he was. The thief who takes my property cannot escape liability to me simply because some insurance company, or my friends, or neighbors, have compensated me for my loss. It is uniformly held in actions for injuries resulting from fire or accident that the fact that plaintiff has received compensation by way of insurance cannot be shown in reduction of damages. *Harding* v. *Town of Townshend,* 43 Vt. 536, 5 A. R. 304; *Cushman, etc., Co.* v. *Boston & Maine R. R. Co.,* 82 Vt. 390, 73 Atl. 1073, 18 Ann. Cas. 708; *Gray* v. *Boston El. R. R. Co.,* 215 Mass. 143, 102 N. E. 71; *Chesapeake Iron Works, etc.,* v. *Hochschield, Kohn & Co.,* 119 Md. 303, 86 Atl. 345; 17 C. J. 929, and cases there collected. Nor can it be shown for such purpose that plaintiff has been compensated in whole, or in part, by charitable subscriptions. *Citizens' Gas. etc., Co.* v. *Whipple,* 32 Ind. App. 203, 69 N. E. 557; *Norristown* v. *Moyer,* 67 Pa. 355. The broad rule is correctly stated thus in *Weber* v. *Morris & Essex R. R. Co.,* 36 N. J. Law, 213, "A person committing a tort cannot set up in mitigation of damages that somebody else, with whom he has no connection, has either in whole or in part indemnified the injured party." Neither can such payment or indemnity be shown in defense of the action. *Missouri K. & T. Ry. Co.* v. *Fuller* (C. C. A.), 72 Fed. 467, affirmed 168 U. S. 707, 42 L. ed. 1215, 18 Sup. Ct. 944; *Ridgeway* v. *Sayre Electric Co.,* 258 Pa. 400, 102 Atl. 123, L. R. A. 1918A, 991, Ann. Cas. 1918D, 1.

This disposes of all questions necessary to consider.

*Judgment reversed and cause remanded.*