*DeGraff Spear v. The Univ. of Vt. Med. Ctr.*, No. 239-3-18 Cncv (Toor, J., May 12, 2020).

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

# STATE OF VERMONT

SUPERIOR COURT                                            CIVIL DIVISION
Chittenden Unit                                   Docket No. 239-3-18 Cncv

---

## DeGraff Spear et al vs. The University of Vermont Medical Center et al.

## ENTRY REGARDING MOTION

Count 1, Medical Negligence (239-3-18 Cncv)

Title:          Motion for Summary Judgment on Damages (Motion 5)

Filer:          The University of Vermont et al.
Attorney:       Tristram J. Coffin
Filed Date:     March 2, 2020

Response filed on 04/01/2020 by Attorney John F. Evers for Plaintiff Daniel Spear
Reply filed on 04/16/2020 by Attorney Tristram J. Coffin for Defendants

This is a medical malpractice action. Defendants (UVMMC hospital and numerous doctors) move for summary judgment on damages. The sole issue is the application of the collateral source rule. The relevant facts are limited. Plaintiff DeGraff Spear alleges injury in 2015 at defendant hospital, UVMMC. She has received SSDI and, as a result, Medicare benefits since 2007. Her medical bills in this case were paid by Medicare and her husband's military insurance, CHAMPUS Tricare. The total billed by UVMMC was $473,109.96. Medicare payed $169,812.12 and Tricare paid $10,185.71. The total billed by another hospital where she received subsequent treatment was $937,765.80, plus $32,112 billed separately by physicians there. Of the $937,765.80, it is unclear what amount was paid. Of the $32,112, Medicare paid $9,854.13 and Tricare paid $2,513.80.

Discussion

There is a split of authority in trial court decisions in Vermont as to the scope of the "collateral source rule." That common law rule generally bars a tort defendant from obtaining "a setoff for payment the plaintiff receives from a third, or collateral, source." Windsor Sch. Dist. v. State, 2008 VT 27, ¶ 32, 183 Vt. 452, quoting Hall v. Miller, 143 Vt. 135, 141 (1983). The undersigned has consistently applied the rule in the past, including when a government program such as Medicaid was the source of the payments. *See, e.g.*, Madrid v. Paquette, No. 194-7-07 Ancv, 2008 WL 6825536 (July 28, 2008)(Toor, J.). The idea is that a successful tort plaintiff is entitled to recover the reasonable value of her medical services, and that value is determined by what was billed (assuming the usual testimony that the bills were reasonable), not by whatever lower amount was ultimately paid.

Defendants ask the court to reconsider its approach on government payments, and also argue that the situation should be treated differently when the bills actually came from the defendant itself.

A. Government Payments

The court is not persuaded that government payments such as Medicare should be an exception to the general rule. The principle behind the rule is that if I am injured and suffer $1,000 in damages, the fact that someone other than the defendant pays me $750 of it does not mean the wrongdoer should only pay me $250. The idea is that, even assuming I do not need to pay back the difference, a windfall to me is better than a windfall to the wrongdoer. The same principle applies whether that $750 payment came from my insurance, a charity, a friend, or the government. "The thief who takes my

2

property cannot escape liability to me simply because some insurance company, or my friends, or my neighbors, have compensated me for my loss. . ." <u>Northeastern Nash Automobile Co. v. Bartlett</u>, 100 Vt. 246, 258 (1927), quoted in <u>Hall</u>, 143 Vt. at 142.

<u>Hall</u> itself involved government payments. Plaintiff farmers sued a cattle dealership for selling them diseased cows that had to be quarantined and then sold for slaughter. A portion of the costs had been paid in part by the federal government and in part by the State. Defendant argued that those amounts should be deducted from the damages it had to pay, in part because plaintiffs "recovery through the indemnification program was completely fortuitous and in no way the result of plaintiffs' foresight or expense." <u>Hall</u>, 143 Vt. at 143. The court rejected that argument, noting that in Vermont "the rule has never been limited, expressly or impliedly, to situations where the plaintiff has paid for the protection of insurance." <u>Id</u>. at 144; *see also*, D. Dobbs, The Law of Torts § 482 (2d ed.)("most courts passing on the issue in recent years have made rulings that permit the plaintiff to prove all of the reasonable medical charges, even though some of those charges were waived or discounted by the provider in its bills to the insurer"); <u>O'Connell v. Springfield Hosp., Inc.</u>, No. 5:16-CV-289, 2018 WL 4699312, at *4 (D. Vt. July 17, 2018)(predicting that the Vermont Supreme Court is unlikely to toss out the long-standing rule absent legislation). The court sees no distinction between the government payments in <u>Hall</u> and the Medicare and Tricare payments here. The source of the third-party payments does not change the rule.

### B. <u>Write-offs on the Defendant's Own Bills</u>

Defendants next argue that the written-off portion of the bills that issued from UVMMC itself should be treated differently. They argue that allowing recovery for these amounts would impose double damages on the hospital, because it had to write off a

3

portion of the bills initially and would now be paying DeGraff Spear those amounts even though it could never collect them.

The collateral source rule does not apply if the defendant was "connected with" the payment. <u>Bartlett</u>, 100 Vt. 246, 258, quoted in <u>Hall</u>, 143 Vt. at 143. The hospital wrote off the balance of the bill because Medicare would not permit it to collect those amounts. Defendants essentially argue that the write-off is equivalent to a payment made by UVMMC to itself, and is thus a benefit to DeGraff Spear "connected with" UVMMC. The court agrees that the logic of the collateral source rule supports this analysis. The theory of the rule is that a defendant should not benefit from funds coming from other sources. However, "[i]f a tort defendant makes a payment toward his tort liability, it of course has the effect of reducing that liability. . . *The rule applies to benefits other than cash payments*." Restatement (Second) Torts § 920A cmt. a (emphasis added).

Although a write-off by another provider would not be credited to Defendants, a write-off *by a defendant* is a benefit it provides to the plaintiff. That is outside the collateral source rule, which addresses *third-party* payments or benefits. Where "medical services [were] provided by the tortfeasor itself . . . an application of the collateral source rule would have required, in effect, double payment." <u>Hardi v. Mezzanotte</u>, 818 A.2d 974, 985 (D.C. App. 2003) (distinguishing earlier case on that basis); *see also*, <u>Williamson v. St. Francis Med. Ctr., Inc.</u>, 559 So. 2d 929, 934 (La. Ct. App. 1990) ("In the present case, the hospital, to whom the bill was owed, was also a tort-feasor. Thus, the benefit to the plaintiffs of the contractual adjustment results from the 'procuration or contribution' of the tort-feasor. As a result, we will not allow the plaintiffs to recover for the amount contractually adjusted, or cancelled, by the hospital tort-feasor."); Dobbs, *supra*, § 482 (where "the health care provider is also the defendant . . . it may seem too much to say

4

that the defendant who waives the charges as provider is then liable as a defendant for the same charges it forgave"). The amounts written off by UVMMC are not attributable to a third-party payment and cannot be recovered by DeGraff Spear.

Order

The motion is granted in part and denied in part. The $293.112.13 written off by UVMMC cannot be recovered by Plaintiffs.

Electronically signed on May 11, 2020 at 04:28 PM pursuant to V.R.E.F. 7(d).

_____
Helen M. Toor
Superior Court Judge

Notifications:
John F. Evers (ERN 1964), Attorney for Plaintiff Kimberly DeGraff Spear
John F. Evers (ERN 1964), Attorney for Plaintiff Daniel Spear
Tristram J. Coffin (ERN 4688), Attorney for Defendant The University of Vermont
Tristram J. Coffin (ERN 4688), Attorney for Defendant The University of Vermont
Tristram J. Coffin (ERN 4688), Attorney for Defendant UVM Health Network Medical
Tristram J. Coffin (ERN 4688), Attorney for Defendant Gino Trevisabi
Tristram J. Coffin (ERN 4688), Attorney for Defendant Christopher R. Chase
Tristram J. Coffin (ERN 4688), Attorney for Defendant Charles Parsons
Tristram J. Coffin (ERN 4688), Attorney for Defendant Bradley J. Jones
Michael S. Katz (ERN 9789), Attorney for party 1 Co-Counsel
Michael S. Katz (ERN 9789), Attorney for party 2 Co-Counsel
James J. McHugh (ERN N/A), Attorney for party 1 Co-Counsel
James J. McHugh (ERN N/A), Attorney for party 2 Co-Counsel
Joshua M. Mankoff (ERN 9799), Attorney for party 1 Co-Counsel
Joshua M. Mankoff (ERN 9799), Attorney for party 2 Co-Counsel
Jennifer E. McDonald (ERN 2097), Attorney for party 3 Co-Counsel
Jennifer E. McDonald (ERN 2097), Attorney for party 4 Co-Counsel