Filed 01/23/25

VERMONT SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT  05602
802-828-2091
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 22-CV-00882

| Benjamin Clark v.  Amica Mutual Insurance Company |
| --- |

## Entry Regarding Pending Motions

Plaintiff Benjamin Clark seeks underinsured motorist coverage from his auto insurer, Defendant Amica Mutual Insurance Company, after settling with the tortfeasor/negligent driver who caused his injuries.   A jury trial begins on January 28. Amica has filed a motion to enforce discovery and two motions *in limine*.

### A.     The discovery issue

Amica seeks an order compelling Mr. Clark to update production regarding his employment records.  There appears to be no dispute that the requested records are relevant, responsive to discovery requests, and should be produced.  They may have already been, although it is hard to tell.  Or, they may have been procured through direct subpoena.  To the extent that there remains any live dispute, it must be raised at trial where the specifics of any failures to produce and any attendant sanctions may be considered.  The motion is denied without prejudice.

### B.     Motion *in limine* regarding lost income

Amica seeks an order barring Mr. Clark's claim for past or future lost income.  As to past lost income, Mr. Clark appears to characterize that claim as coextensive with sick time for which his employer has compensated him, and he argues that the collateral source rule applies.  If these damages otherwise can be proven, the Court agrees that the collateral source rule applies.  That rule generally applies to compensation to a plaintiff from *any* third-party source.  As the Vermont Supreme Court has explained: "It is not of the slightest consequence who reimbursed plaintiff, or under what circumstances, if defendant was not connected therewith." *Hall v. Miller*, 143 Vt. 135, 142 (1983) (*quoting Northeastern Nash Automobile Co. v. Bartlett*, 100 Vt. 246, 258 (1927) (citations otherwise omitted)); *see also* Dan B. Dobbs et al., The Law of Torts § 482 (2d ed.) (including among typical collateral sources subject to the rule "job benefits").  The motion is denied in that regard.

As to future lost income, Mr. Clark appears to concede that he has no way of proving any claim of future lost income.  He states, "In terms of future lost wages, Plaintiff concedes that there is no expert support for future lost wages claim that

provides any precision." Without expert support to document the future inability to work and the extent of that need, a claim for future lost income will lack any reasonable basis in the record. The motion is granted in that regard.

       C.      Motion *in limine* regarding the need for future medical treatment and the reasonableness of medical bills, past and future

Amica represents that Mr. Clark's medical expert is not expected to testify as to any need for future medical treatment and is not expected to opine on the reasonable value of past or future medical treatment. That expert's report is not in the record.[1] Factually, Mr. Clark has responded as follows: "Plaintiff concedes that there is not an expert who will opine as to the cost of future medical treatment." "Dr. Gaughan is an expert witness and is not in a position to give an opinion on medical billing practices and amounts billed by various medical providers." "Plaintiff will not be presenting any specific figures for the cost of any future medical treatment." Mr. Clark appears to be conceding that he will be unable to present any expert testimony in support of the reasonableness of any past medical expenses or any anticipated future medical treatment or its expense. The Court views such testimony as necessary concerning future treatment and costs, and the motion is granted as to them. Absent such testimony, a jury would only be able to speculate as to future needs and expenses.

As to past medical expenses that have already been incurred, while some courts demand expert support, many do not require expert testimony.

> As the Virginia court has specifically noted, "There is a split of authority on the type and quantum of evidence necessary to create a jury issue on the reasonableness of medical expenses." As to this divergence of views, some courts apparently hold that an injury victim has not made out a prima facie case on the problem of medical expenses when the victim does not introduce evidence of their reasonable value. Other courts hold that evidence of the amount paid for medical services is evidence of their reasonable value and supports a verdict based on that evidence—at least when there has been no showing to the contrary. With the proviso added by some courts that a proper foundation must be laid and must precede the introduction of medical and other health care bills, other courts have taken the sound position that evidence presented by bills regular on their face of the amounts charged for medical service is itself some evidence that the charges were reasonable and necessary. The view has been well taken that there is no error in submitting to the jury in a personal injury action the issue of the plaintiff's reasonable and necessary medical expenses on the question of

---

[1] The Court notes that there has been nearly no motion practice in this case, the expert's report is not in the record, and the parties' briefing of the pending 3 motions is extremely limited. To the extent that the actual facts may differ from appearances based on the limited record available to the Court at this time, any such issue within the scope of these motions may be revisited as a preliminary matter at trial.

damages, even though there was no direct evidence as to the reasonableness of these charges, where (1) the plaintiff testified as to the approximate amount of the charges, (2) it was at least tacitly conceded that the expenditures were necessary, (3) the charges appeared to be modest, (4) neither party had objected to the charges as being excessive, and (5) there was nothing to show collusion or bad faith.

3 Stuart M. Speiser, *et al. The American Law of Torts* § 8:30 (Feb. Update Law. Co-op 1986, West Group 1998 Supp.)

Amica has not cited any authority in Vermont requiring expert testimony to support past medical bills. Nor has it outlined the precise nature of its dispute of those bills, if any. Given the above case law, the Court declines to foreclose nonexpert evidence of reasonableness prior to trial. If Mr. Clark is able to present admissible evidence of medical bills incurred due to the underlying collision, along with his own testimony as to the treatment provided, those bills will be treated as *prima facie* evidence of the reasonableness of their amounts. Amica may then contest that conclusion via cross-examination or with evidence to the contrary. The motion is denied as to past medical bills.

Electronically signed on January 23, 2025, per V.R.E.F. 9(d).

Timothy B. Tomasi
Superior Court Judge